## MILIKEN *et al. v.* HUBER.

The Supreme Court cannot issue a writ of *certiorari* where its issuance would be the exercise of an original jurisdiction to superintend the proceedings of an inferior tribunal.

The general power of supervision over inferior tribunals which pertains to the Court of King's Bench in England pertains to the District Courts in this State.

Nor can a writ of *certiorari* be issued by the Supreme Court where the act would be the exercise of appellate power, provided the review might have been had by an appeal, although the right of appeal is gone by the lapse of the time within which it was, by statute, required to be taken.

*Semble*, that no proceeding can be brought up for review by writ of *certiorari* from the Supreme Court, unless it be one properly the subject of an appeal but for which no right of appeal has been provided by law.

H. against whom a judgment had been rendered in the District Court, after the lapse of more than one year thereafter applied to the Supreme Court for a writ of *certiorari* to the District Court by which the judgment might be brought up for review, alleging that the Court below had exceeded its jurisdiction by rendering the judgment against him without having obtained jurisdiction of his person : *Held,* that the case was not one in which the Court had power to issue the writ.

Miliken *v.* Huber.

CĔRTIORARI to the Sixth District Court.

The facts are stated in the opinion.

*H. H. Hartley,* for Plaintiff in error.

I.   *Certiorari* is the proper remedy; the judgment of the Court below is attacked upon the ground that the Court never acquired jurisdiction of the person of the defendant, and that the judgment is void.

A void judgment not being subject to appeal can be set aside on *certiorari.*   (24 Wend. 249; 6 Id. 465–564; 22 Id. 132; *Comstock* v. *Clemens,* 19 Cal. 77.)

II.   The Court has power to grant a *certiorari* at any time; the limit of one year only applies to writs of error, and after one year they even may issue in special cases.   The affidavit showed this to be a special case, and the action of the Court on granting the writ affirmed it to be so.   (Vid. 27th rule of the Supreme Court.)

The control of Courts over judgments after one year does not apply to questions of right.   (13 How. 46; 3 Denio, 257; 19 Wend. 108.)

*Hopkins & Hermance,* for Defendant in error.

The writ was improperly issued.   We admit that this Court has full power to issue this writ when necessary to the complete exercise of its appellate jurisdiction as conferred by the Constitution, and whenever this writ is necessary in aid of that appellate power it will lie.   But we deny that it is in the power of the Legislature to confer original jurisdiction upon this Court to exercise any such authority over the inferior tribunals of this State as is contended for by appellant.

If this Court has no appellate jurisdiction in the matter of the judgment in this case, or if, by reason of some existing facts appearing upon the record, this judgment has by force of statute become final and no longer a subject of appellate review, then the right to review it must rest upon some original jurisdiction in this Court, and not upon appellate power.

But this Court has held, in a number of cases, that it has no original jurisdiction for any purpose, except as a conservator of the peace and to issue writs of *habeas corpus.* (*Ex parte Attorney-General,* 1 Cal. 86; *People* v. *Shear,* 7 Id. 140.)

The writ of *certiorari* is only allowed by this Court to aid in its appellate power of review of all that class of cases placed under its jurisdiction by the Constitution. It is but one of the modes of appeal allowed to a party where the statute has failed to provide any other remedy. "A judgment may be reviewed as prescribed by this title, and not otherwise"—meaning review by appellate power. (Wood's Dig. art. 1067, p. 209.)

And Art. 1070 of that title provides, that the appeal must be taken within one year after the judgment.

The right of review by appeal in that class of cases named in the Constitution, exists independent of any legislative authority, and all the writs and process known to the common law may be resorted to when necessary to the complete exercise of that right; and when in any case it is found that the Legislature has failed to provide a means by which a party may avail himself of the benefit of the appellate power or appellate supervision of this Court, then, and in that case, this or any other writ known to the common law, necessary to secure that end, would lie.

If, then, the Constitution confers upon this Court power to review on an appeal, and in the manner stated, certain classes of cases, can the Legislature fix a limit to the time in which, and the mode by which, that review shall take place? That this power exists is clearly decided in *Haight* v. *Gay* (8 Cal. 300).

It is there held, that after a party has failed to avail himself of his remedy of review provided by the statute until the judgment becomes final by lapse of time, error will not lie.

If, then, error will not, neither will *certiorari;* for by the Constitution this Court is only clothed with authority " to issue all writs and process necessary to the exercise of its appellate power," and which, being general in its terms, includes *certiorari, mandamus,* etc., as well as writs of error.

This Court has repeatedly held, that all the writs and process known to the common law could be issued by the Court when neces-

sary in aid of its appellate jurisdiction conferred by the Constitution, and that neither *quo warranto*, *certiorari*, or error, would lie, unless necessary in aid of that power. Nor would any other process lie, for this Cour thas none but appellate power, and power to aid them in the exercise of the same. (*People* v. *District Court*, 9 Cal. 21; *White* v. *Lighthall*, 1 Id. 348; *People* v. *Turner*, Id. 145; *Ex rel. Field* v. *Turner*, Id. 152; *Parcell* v. *McKinne*, 14 Id. 38; *Ex parte Attorney-General*, 1 Id. 86.)

NORTON, J. delivered the opinion of the Court—COPE, J. concurring.

The plaintiffs having obtained a judgment in the District Court for Sacramento County, and more than one year having elapsed, the defendant, on a representation that the District Court had exceeded its jurisdiction by rendering a judgment against him without having acquired jurisdiction of his person, and that the time allowed by statute for an appeal had expired, procured a writ of *certiorari* to be issued from this Court to bring up the judgment for review. A motion is now made to dismiss the writ, on the ground that this Court has no jurisdiction to issue it for such a purpose.

This Court has only appellate jurisdiction, and is only authorized to issue the writ of *certiorari* in aid of such jurisdiction. (*Ex parte Attorney-General*, 1 Cal. 85; *The People* v. *Shear*, 7 Id. 139.) If this Court had jurisdiction to review the judgment on an appeal taken within one year after it was rendered, that jurisdiction was lost after the expiration of the year. (*Haight* v. *Gay*, 8 Cal. 297.) The general power of supervision over inferior tribunals which pertains to the Court of King's Bench in England, pertains to the District Court in this State. The provisions of section four hundred and fifty-six of the Civil Practice Act, that the writ of *certiorari* may be granted by any Court, etc., must be held to mean any Court of original jurisdiction. The Legislature could not, under the Constitution, confer such power upon this Court. Besides, by the terms of this section of the Practice Act, the writ of *certiorari* cannot issue in cases where there is an appeal. If there was an appeal in this case, the limitation by statute of the right to bring that appeal within one year does not make it, after a

12

year has been suffered to elapse without taking an appeal, a case in which there was no appeal. In any view of the case, therefore, the writ was improperly issued. If it was the exercise of an original jurisdiction to superintend the proceedings of inferior tribunals, it was the exercise of a power which does not belong to this Court. If it was the exercise of an appellate jurisdiction, it could not be done by the proceeding of a writ of *certiorari* after the time to exercise the right of appeal had elapsed.

An order must be entered dismissing the writ.