SCHIROTT & GRONER, Appellants, *v.* PHILLIPPI & COLEMAN, Respondents.

*Appeal from Multnomah County.*

Writ of Review.—The Statutory Appeal and writ of review are concurrent remedies.

Idem.—The appeal involves a trial both upon the merits and upon the law; the review, only questions of law.

Idem.—The expiration of a right to appeal as to time, does not extinguish the right to review,

Schirott v. Phillippi.

PLAINTIFFS, in a civil action, in a justice's court, against one Morst, had procured his arrest. Respondents here, defendants below, executed an undertaking, and procured the discharge of Morst from arrest. After judgment against Morst, and after execution against his property and a return of none found, an execution was issued against his person, which was returned not served, as Morst had left the state. On the twenty-fourth of March, 1869, appellants brought an action against the respondents on the undertaking, and on the twenty-sixth day of April, 1869, the justice gave judgment for the defendants, assigning as ground therefor, no cause of action. On the second of June, appellants filed a petition for a writ of review, and an allowance was made. On the fourteenth of June, in the circuit court, respondents' counsel moved to strike out and quash the writ. The court below sustained the motion, and filed his reasons, to which ruling the appellants excepted and took an appeal here.

*Kelly & Reed,* for appellants, assign as error:

1st. That the court decided that a writ of review would not lie, but that plaintiff's remedy was by appeal.

2d. That the court decided that a writ of review would not issue at any time within six months from the date of the decision complained of.

3d. That the court decided that the writ ought not to issue upon the facts stated in the petition.

4th. That the court decided that an appeal was a plain, speedy, and adequate remedy for errors in law, appearing upon the face of the proceedings.

5th. That the court decided that an appeal, and a writ of review were not concurrent remedies, and the plaintiffs could not elect which they would pursue.

6th. That the court decided that a writ of review would not lie, after the time for taking an appeal had expired.

*O. P. Mason,* for respondents.

WILSON, J. In dismissing the writ below, that court seems to have decided these propositions, that appeal and

review were not concurrent remedies, that when an appeal could be taken a review would not be allowed, that after the time for taking an appeal had expired, when it might have been made available, it would be too late for a party to resort to a review.

By section 572, p. 294, of the Code, the writ, heretofore known as the writ of *certiorari*, is known in this code as the writ of *review*, and the next section declares "that any party to any process or proceeding before or by any inferior court, etc., may have the decision or determination thereof, reviewed for errors therein." This is substantially the law as it was in 1860. At the December Term, 1860, of the supreme court of this state, the same question was before that court, as is now here. In *Blanchard et al.* v. *Bennett et al.*, 1 Oregon, 329, the court held, "a *certiorari* may have been a proper remedy, and so may have been an appeal; the statute regulating appeals from justices of the peace allows appeals in all cases, etc., (Laws of Oregon, 1854, p. 295, sec. 185.) I therefore conclude that appeals lie in all cases from the final decisions of justices of the peace, and the remedy by *certiorari* is *concurrent*." When the writ of review was substituted for that of certiorari, it was subject to the same construction and application. The only difference in the law is found in sec. 575 of the Code, which was not distinctly found in the law of 1854. That declares that the writ of review " shall be allowed, in all cases where there is no *appeal*, or *other* plain, speedy, and adequate remedy, and where the inferior court officer appears to have exercised such functions erroneously, etc."

When a party complains *only* of the errors in law appearing upon the record and proceedings, it is certainly not a plain, speedy or adequate remedy to force him to rely upon an appeal, which, under sec. 536, subdiv. 3, p. 285, of the Code, requires the same proceedings as though the case had been commenced in the circuit court, involving witnesses and a multitude of costs and disbursements, instead of having the pure questions of law, governing the case, heard and decided with comparatively no trouble or cost.

*Schirott v. Phillippi.*

The circuit judge, in allowing the writ, passes to some extent upon whether the causes alleged are errors of law or not, and if they involve more than legal questions, it might be proper to deny the writ and leave the party to his appeal, as the mode by which all the questions of law and fact may be retried. In review, everything is tried and decided from an inspection of the record, and an appeal cannot accomplish this without imposing a great incumbrance of other matters. Evidently the legislature intended this construction, for in sec. 116, p. 604, of the act relating to courts of justices of the peace, distinctly withdraws the operations of the sec. 64, p. 595, which gives an *appeal* in *all cases* from such court, except in three cases mentioned, in these words, *"No* provision of this act in relation to appeals, or the right of appeal, in either civil or criminal cases, must be construed so as to prevent either party to a judgment, given in a justice's court from having the same review in the circuit court, for errors in law appearing upon the face of such judgment, or the proceedings connected therewith, as provided in title 1 chap. VII," which is the law in reference to review. Taking the two laws together, and the reasons which operate in allowing the writ of review, we think that a party may have a right to a writ of review for *errors* in law apparent upon the record, etc., at the same time that he might have a right of appeal, which would retry the merits of the case as well as review the questions of law; that review and appeal may thus be concurrent remedies; and it follows then, that the expiration of a right to appeal, as to time, does not extinguish the right to a review. The one cuts off all possibility of having the case reheard upon its merits; but if the law, apparent from the papers, forbid such a judgment, then the judgment may be reversed or modified as to the mere questions of law at any time during the limit assigned for review. We think the judgment should be reversed and remanded.