Opinion of the Court—Bonham, J.

JAMES H. EVANS, RESPONDENT, *v.* S. H. CHRISTIAN, APPELLANT.

WRIT OF REVIEW.—Writ of review will not lie where the right of appeal exists.

DECISION OVERRULED.—*Schirott & Groner* v. *Phillippi & Coleman* (3 Ogn. 484), overruled so far as it is there held that appeal and review are concurrent remedies.   Same case approved so far as it holds that review will lie in a cause (otherwise proper) where the *time* for appealing has elapsed.

JURISDICTION.—When want of jurisdiction appears, it is the duty of the Court at any stage of the proceeding, on its own motion, to refuse to proceed further.

APPEAL from Lane County.

Christian, the appellant, sued Evans, the respondent, before a Justice of the Peace in and for Lane County, to recover the value of a horse; and after issue joined and trial had, obtained judgment against Evans for one hundred and sixteen dollars and costs, which judgment was docketed on the 6th day of September, 1873.

On the 20th day of September, 1873, Evans sued out a writ of review in the Circuit Court for Lane County, assigning error upon the record occurring at the trial of said cause before said Justice of the Peace.   Upon the trial in the Circuit Court on said writ of review, it was adjudged that there was error in the proceedings of the Justice of the Peace at the trial, as alleged in plaintiff's petition, and the judgment rendered by said Justice was reversed.   From this judgment of the Circuit Court the defendant Christian appeals to this Court, assigning as error the following points: Error in holding the order of the Justice, for a jury, illegal and void; error in holding that the defendant had not waived the defect, if there was defect, by going to trial with the jury selected; error in annulling and declaring void the judgment of the Justice and in taxing the costs against the defendant.

By the Court, BONHAM, J.:

For the purposes of this case we only deem it necessary to consider the third ground of error assigned; and we

only consider that so far as it involves the question of the jurisdiction of the Court below to grant a writ of review in a case like this, where the right of appeal existed *at the time* the writ was granted.

An appeal from the Justice's judgment in this case might have been taken to the Circuit Court within thirty days from the date of its rendition. The judgment was rendered on the 6th day of September, 1873, and the writ of review was sued out on the 20th day of the same month. This state of facts presents for our consideration the question whether the remedies by appeal and by writ of review are concurrent, and if not, whether the Court below had any jurisdiction or authority to grant the writ of review at a time when the right of appeal existed. This question was not argued here, and we understand that it was not in the Court below; but inasmuch as it is a question touching the jurisdiction of the Court, it is proper to consider it here, for if the Court below had no jurisdiction to proceed, this Court, which possesses only appellate jurisdiction, could acquire none by the appeal. And when a question of jurisdiction presents itself in any stage of a proceeding, and it is discovered that the Court has no jurisdiction, either over the parties or the subject-matter of the cause, it is the duty of the Court on its own motion to refuse to proceed further. Any attempt to exercise judicial functions otherwise than as authorized by law would be a nullity and an idle waste of time.

There is, however, a *dictum* in *Schirott & Groner* v. *Phillippi & Coleman* (3 Ogn. 484), which is well calculated to mislead the profession on the question of jurisdiction involved in this case. In fact, it is directly announced in that case by Mr. Justice Wilson, who prepared the opinion of the Court, that the remedies by appeal and writ of review are concurrent.

But this conclusion, as thus unqualifiedly announced, I think, may properly be regarded as mere *dictum*, inasmuch as the direct question presented by the facts in that case was, whether the writ of review would lie after the right of appeal, which *once* existed in the case, had been lost by lapse of time.

In the case at bar, the record shows that the time for appealing had not elapsed, and that respondent, when he sued out his writ of review, might have appealed.

The language of the statute is (Civ. Code, § 575): "The writ shall be allowed in all cases where there is no appeal or other plain, speedy and adequate remedy." What is the "*other* plain, speedy and adequate remedy" referred to in the Code, may often be a question more or less difficult of solution; but that appeal is *the* remedy, and the *only* remedy for the correction of errors of both law and fact so long as the right of appeal exists, we think is a conclusion clearly deducible from the language of the Code.

When the statute declares that the writ of review shall be allowed in all cases where there is *no* appeal, it is equivalent to saying that it shall not be allowed in any case where there *is* a right of appeal. And that an appeal is regarded as a plain, speedy and adequate remedy for the correction of errors of law, we think is clearly implied from the connection of the language—"where there is no appeal or *other* plain, speedy and adequate remedy." The use of the word *other* in the connection above quoted clearly designates and determines that appeal is the proper remedy where the right *exists*, and excludes the idea of the existence of any other remedy in such case.

We do not question the correctness of the decision of the Court in *Schirott & Groner* v. *Phillippi & Coleman*, so far as it determined the real question in that case. That was that a writ of review might issue in a case (otherwise proper) where the right to an appeal once existed, but which had been lost by the lapse of time. (*Milliken* v. *Huber*, 21 Cal. 166; *The People ex rel. Sturgis* v. *Shepard*, 28 Cal. 115.)

We are satisfied that the language of our statute on the subject of the writ of review does not warrant the construction that appeal and review are concurrent remedies. The Court below had no authority to grant the writ of review at the time it was ordered, and its judgment must therefore be reversed.