[Filed May 19, 1886.]

## GEORGE STEEL *v.* D. B. REES ET AL.

APPEALS FROM JUSTICE'S COURT.—The Circuit Court acquires no jurisdiction over an appeal from a Justice's Court, unless the statute providing therefor is strictly pursued.

SAME—JURISDICTION ON—VOID JUDGMENT.—Where an appellant takes the preliminary steps entitling him to enter the cause in the Circuit Court, but neglects so to do, the respondent cannot perfect the appeal by filing the transcript in the Circuit Court, and any action of the latter court upon a transcript so filed is a nullity.

UNION COUNTY. Defendants appeal. Reversed.

*B. N. Hayden*, for Appellants.

*Ramsey & Bingham*, for Respondent.

By the COURT. An appeal from a Justice's Court to the Circuit Court for the purpose of a trial anew in the Circuit Court is wholly a statutory proceeding. It follows that the Circuit Court acquires no jurisdiction over the appeal unless the provisions of the statute providing for the appeal are complied with, and it shall so appear on the face of the proceedings.

In this case the appellant, after giving notice and filing an undertaking which entitled him to enter the cause in the Circuit Court, took no further steps to perfect the appeal. The respondent had no power to do what the appellant alone could do—carry forward the

appeal into the Circuit Court. The action of the respondent in filing a transcript in the Circuit Court was wholly without authority of law and void. The action of the Circuit Court upon such filing was a nullity. The respondent at most could only have an action on the undertaking for damages suffered by the stay of proceedings that had been produced.

The judgment must be reversed.