[Filed November 29, 1886.]
### WILLIAM RAMSEY *v.* S. B. PETTENGILL.

APPEAL FROM JUSTICE'S COURT—REVIEW—NOT CONCURRENT.— Where the right of appeal from a judgment of a justice's court has been lost by lapse of time, a writ of review does not lie.

*Schirott* v. *Phillippi*, 3 Or. 484, and *Blanchard* v. *Bennett*, 1 Or. 229, overruled ; and *Evans* v. *Christian*, 4 Or. 375, and *Sellers* v. *City of Corvallis*, 5 Or. 272, modified.

JOSEPHINE COUNTY.   Plaintiff appeals.   Affirmed.

This action was originally brought by the respondent here
in a justice's court, where, after an answer filed by the appel-
lant, judgment was rendered for Pettengill for the amount
claimed, with costs.   After the expiration of thirty days from
the rendition of the judgment, Ramsey, defendant in the jus-
tice's court, sued out a writ of review, which was dismissed by
the circuit court ; hence the appeal.

*Geo. H. Burnett,* for Appellant.

*W. H. Holmes* and *B. N. Hayden,* for Respondent.

STRAHAN, J.—The civil code, Section 575, provides : " The
writ shall be allowed in all cases where there *is no appeal,* or
other plain, speedy or adequate remedy, and where the inferi-
or court, officer or tribunal, in the exercise of judicial func-
tions, appears to have exercised such functions erroneously, or
to have exceeded its or his jurisdiction, to the injury of some
substantial right of the plaintiff, *and not otherwise.*"

In construing this section of the code, the course of judicial
opinion has not been uniform in this state.   One case decided
that appeal and review were concurrent remedies.   (*Schirott*
v. *Phillippi,* 3 Or. 484, following *Blanchard* v. *Bennett,* 1
Or. 329.)   In *Evans* v. *Christian,* 4 Or. 375, this court held
that appeal and review were not concurrent remedies, and to
that extent overruled the preceding cases on that subject.   In
the latter case, it was further said : " We do not question the
correctness of the decision of the court in *Schirott* v. *Phillippi,*
so far as it determined the real question in that case.  That
was, that a writ of review might issue in a case (otherwise
proper) when the right to an appeal once existed, but had
been lost by lapse of time.   (*Millikin* v. *Huber,* 21 Cal. 166;
*The People* v. *Huber,* 28 Cal. 115.)"

I have examined both of these cases, and neither of them
supports the doctrine stated.   The first holds directly the re-
verse.   In that case, the court said : " If there was an appeal

in this case, the limitation by statute of the right to bring that appeal within one year does not make it, *after a year has been suffered to elapse* without taking an appeal, *a case* in which there was *no appeal*. In any view of the case, therefore, the writ was improperly issued." Further: " If it was the exercise of an appellate jurisdiction, it could not be done by the proceeding of a writ of certiorari *after* the time to exercise the *right of appeal* had elapsed." (*Millikin* v. *Huber*, *supra*.) In the second case cited, the court appears to have decided that the remedy of the defendant was by appeal, and not by writ of review. The other matter stated in the extract was not referred to or noticed. Subsequent cases in California on the subject show that this court, in *Evans* v. *Christian*, *supra*, misapprehended the real point in *Millikin* v. *Huber*, *supra*. Thus, in *Bennett* v. *Wallace*, 43 Cal. 25, it is said : " * * * * But it is insisted that as the time limited by statute for the taking of the appeal has been suffered to elapse, the case has thereby *become* one in which there is no appeal, and is *thus* brought within the terms of the statute referred to. This view is answered by *Millikin* v. *Huber*, 21 Cal. 166. The statute was intended to supply a remedy where none existed in the first instance, and not to supplement one *lost through the laches of the party himself.*" (*Newman* v. *Superior Court*, 62 Cal. 545.) It thus appears that the rule of practice supposed to have been sanctioned by this court in *Evans* v. *Christian*, *supra*, is not supported by authority, and it has never been satisfactory to the bar; and, in my opinion, it is at variance with the true construction of the code. If an appeal is given by law, then it must be deemed to be an *adequate remedy*, and a party aggrieved must avail himself of it. He cannot be suffered to neglect this remedy until he has lost his right of appeal, and then claim that he has thereby gained a new remedy by his laches. The law favors the diligent, but we have yet to learn that a litigant ought to be rewarded because of his negligence. In many of the states, the right to the writ of certiorari is discretionary. In those cases, if a party once had a right of appeal, certiorari is never allowed unless his failure

XIV. OREG —14.

to appeal is excused, or accounted for in some satisfactory manner. (*State ex rel.* v. *The County Court of Nodaway Co.*, 80 Mo. 500 ; *Poe* v. *Machine Works*, 24 W. Va. 517; *Payne* v. *McCabe*, 37 Ark. 318 ; *Tilton* v. *Larimer Co. A. Assoc.*, 6 Colo. 288.) I concur in what was said on this subject by the Supreme Court of Michigan, in *Galloway* v. *Corbitt*, 52 Mich. 460 : " This court has heretofore expressed its disapprobation of the practice of taking advantage of technical errors in the proceedings before justices of the peace by the processes of certiorari, thus converting what was designed to be a speedy and inexpensive court for the trial of causes into a costly and dilatory tribunal, and often, in its practical operation, through serious delays, defeating the ends of justice ; and we are of the opinion that except for errors which go to the foundation of the action, the proper remedy is by appeal. (*Erie Pres. Co.* v. *Witherspoon*, 49 Mich. 377.)

It is proper to say in this connection that no attorney or party is responsible for this practice. They did not introduce it, and they could not abolish it. It owes its origin entirely to what must be regarded as an oversight on the part of this court ; and as long as that rule is recognized here, it must be expected that parties will avail themselves of it. Therefore the case of *Evans* v. *Christian*, *supra*, and other cases in this court which hold that a party may have a writ of review in cases where he once had a right of appeal, but lost it by lapse of time, or neglected or omitted to avail himself of it, must be regarded as overruled. The writ of review can issue " where there is no appeal " ; but where the right of appeal once existed and is lost by lapse of time, the controversy cannot be reopened by means of the writ. The application of these principles disposes of this case. Here the appellant had a right of appeal from the judgment of the justice in favor of Pettengill. He did not avail himself of that right within the time limited by law. I do not think the right to have a writ of review exists in such case.

In reaching this conclusion, the effect of Section 119 (Code, p. 478) has not been overlooked. It is insisted that that makes

appeal and review corcurrent remedies, and that a party can pursue either at his pleasure. That section provides: "No provision of this act in relation to appeals, or the right of appeal in either civil or criminal cases, must be construed so as to prevent either party to a judgment given in a justice's court from having the same reviewed in the circuit court for errors in law appearing on the face of such judgment, or the proceeding connected therewith, *as provided in title* 1, *chapter* 7 *of the Code of Civil Procedure.*" That title authorizes review " when there is no appeal," and, therefore, section 119 must be held to recognize the right of review subject to that limitation. As I understand it, *Evans* v. *Christian, supra,* and *Sellers* v. *City of Corvallis,* 5 Or. 272, each involved this construction of section 119, and to that extent they are approved. If section 119 had been construed to give a general right of review, as now contended for by appellant's counsel, the court could not have reached the conclusion which it did in those cases.

It follows, therefore, that the judgment of the court below must be affirmed.