[Filed February 8, 1887.]

DANIEL SUMMERS v. G. W. HARRINGTON ET AL.

APPEAL AND REVIEW—NOT CONCURRENT REMEDIES.—Appeal and review under the code are not concurrent remedies. Where a party to an action in a justice's court has a right of appeal from a judgment rendered against him therein, he cannot, after suffering such right to expire by lapse of time, avail himself of the proceeding of review.

MORROW COUNTY. Defendants appeal. Reversed, and writ of review dismissed.

*Ramsey & Bingham*, for Appellants.

*A. S. Bennett*, for Respondent.

BY THE COURT.—The appellants, as sheriff and deputy sheriff of Morrow County, levied upon certain personal property under an execution against one Phillips. The respondent claimed the property, and a trial of his right was had before a sheriff's jury, resulting in a verdict in his favor. The plaintiff in the execution then gave an undertaking of idemnity, provided for in Sec. 286, Civil Code, and the sheriff retained the property. The respondent thereupon brought an action in the justice's court to recover the possession of the property, in which judgment was rendered against him, Jan. 10, 1885. On August 21, following, respondent sued out a writ of review in said cause, which is the case now before this court.

Upon the foregoing facts, the case is within the rule laid down in *Ramsey* v. *Pettingill*, decided at this term, in which it was held that appeal and review were not concurrent remedies. The respondent had a right of appeal from the judgment rendered against him in the justice's court, had he seen fit to do so. Failing to exercise that right, he cannot, after it has expired, avail himself of the proceeding by review.

The judgment must be reversed, and the case remanded, with directions to dismiss the writ.