Argued 22 October; decided 4 November, 1901.

### FELLER *v.* FELLER.

[66 Pac. 468.]

JUSTICE'S COURT—APPEAL—WRIT OF REVIEW.

1. Where the remedies by appeal and review are concurrent the initiation of an appeal is not an election of the remedies, but the appeal may be abandoned before being perfected and the other remedy adopted.

VERDICT IN REPLEVIN.

2. In replevin actions the verdict must cover all the material issues made by the pleadings or it cannot stand; thus, under allegations of ownership and right to possession, a verdict finding the right to possession but not the right of ownership, will not support a judgment: *Yick Kee* v. *Dunbar*, 20 Or. 416, followed.

From Marion: REUBEN P. BOISE, Judge.

Action by Francis Feller against Angie L. Feller before a

justice of the peace. From a judgment of the circuit court reversing a judgment of the justice's court, defendant appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. J. C. Johnson.*

For respondent there was a brief and an oral argument by *Messrs. John A. Carson* and *Loring K. Adams.*

MR. JUSTICE WOLVERTON delivered the opinion of the court.

The defendant instituted an action in the Justice's Court for Woodburn District, Marion County, Oregon, against plaintiff herein and W. F. Feller and H. Bock, alleging that she was the owner and entitled to the possession of "one cow, Holstein breed, black in color, with white spots, aged about nine years, and named 'Blackey,' of the value of $45," and that the defendants in that action unlawfully took and detained said cow from her possession. A trial was had in the justice's court, and the following verdict returned: "We, the jury duly impaneled and sworn to try the within cause, do find that the plaintiff, Angie L. Feller, is entitled to the immediate possession of one cow, Holstein breed, black in color, with white spots, age about nine (9) years, and named 'Blackey,' as described in the complaint, and also entitled to damages in the sum of ($42) forty-two dollars." Upon this verdict a judgment was rendered November 21, 1899, from which they attempted to appeal to the circuit court, by serving and filing a notice thereof in due time, with a proper undertaking; and the justice's docket shows that the appeal was allowed, and a stay of proceedings ordered. On December 16 a transcript on appeal was certified and delivered to the attorneys for the defendants in the justice's action. On January 15, 1900, Francis L. Feller, as plaintiff, filed a petition in the circuit court for a writ of review, which being duly issued and served, the justice of the peace in obedience thereto returned the writ to the circuit court on the twenty-ninth of the same month, with a

certified record of the proceedings had before him, in pursuance of the statute made and provided in such cases, whereupon Angie L. Feller, as defendant in this proceeding, filed a motion to dismiss the writ for the reason that an appeal had been taken in the same cause, and was then pending in the circuit court. But, it being made to appear that the said transcript had not been filed in the circuit court, the motion was denied, the judgment of the justice's court reversed, and the cause remanded for such further proceedings as might be deemed proper in the premises. From this judgment the defendant in the writ appeals.

Two questions are involved in the controversy: (1) Whether a review will lie to bring up the record of a justice's court after an appeal has been regularly taken, the proceedings therein stayed, and a transcript certified and delivered to the appellant, but not filed in the circuit court; and (2) was the verdict of the jury sufficient upon which to base the judgment rendered?

1. To fully understand the situation, it is necessary to refer somewhat in detail to the statute governing appeals from a justice's court, and the special proceeding by writ of review. An appeal is taken either by giving oral notice thereof in open court at the time of the rendition of the judgment, or by serving a notice on the adverse party within thirty days thereafter, and filing the original, with proof of service thereon, with the justice, and by giving an undertaking for the costs and disbursements of the appeal. When the appeal is taken the justice must allow the same, and make an entry in his docket stating whether the proceedings are thereby stayed or not. On or before the first day of the term of the circuit court next following the allowance of the appeal, the appellant must cause to be filed with the clerk of the circuit court a transcript of the cause. Upon the filing of the transcript with the clerk of the circuit court the appeal is perfected, and thenceforth the action shall be deemed pending and for trial therein as if originally commenced in such court, and it shall have jurisdiction of the cause, and shall proceed to hear, de-

termine, and try the same anew, disregarding any irregularity
or imperfection in form which may have occurred in the pro-
ceedings in the justice's court: Sections 41, 42, and 47 of
"An act to regulate the practice and proceedings in justice's
courts," approved February 17, 1899 (Sess. Laws, 1899, p.
109). As it pertains to the writ of review, it is provided that:
"The writ shall be concurrent with the right of appeal, and
shall be allowed in all cases where the inferior court, officer, or
other tribunal, in the exercise of judicial functions, appears to
have exercised such functions erroneously, or to have exceeded
its or his jurisdiction, to the injury of some substantial right
of the plaintiff, and not otherwise. The writ shall be directed
to the court, officer, or tribunal whose decision or determina-
tion is sought to be reviewed, or to the clerk or other person
having the custody of its records or proceedings, requiring it
or him to return said writ to the circuit court, and not else-
where, within a time therein specified, with a certified copy of
the record or proceedings in question annexed thereto, that
the same may be reviewed by such circuit court, and requiring
the defendant to desist from further proceedings in the matter
to be reviewed. The words in a writ requiring a stay of pro-
ceedings may be inserted or omitted in the discretion of the
court or judge issuing the same, and the proceeding shall be
stayed or not, accordingly": Hill's Ann. Laws, §§ 586, 587,
588.

It would seem not to have been the purpose of either of
these acts, by the process thereby provided and established for
removing a cause to the circuit court, to break up or suspend
the judgment of the lower court; and such judgment can only
be stayed in the one case by the undertaking, which operates
as a supersedeas, and in the other by the direction of the
circuit court. This is analogous to the practice and procedure
as it pertains to appeals from the circuit court to the supreme
court: *Day* v. *Holland,* 15 Or. 464 (15 Pac. 855); *Nessley* v.
*Ladd,* 30 Or. 564 (48 Pac. 420). In this connection we may
state a fact of which the court takes judicial knowledge,
namely, that the first term of the circuit court for Marion

County, after the appeal was taken, began Monday, February 12, 1900, and the hearing upon the writ of review seems to have been had therein at an adjournment of the preceding regular term. It is clear, from the statute cited, that the circuit court does not obtain jurisdiction by appeal, except upon the filing of the transcript. When that is done, the appeal is deemed perfected and pending for trial, as if originally commenced therein, and such court is thenceforth clothed with jurisdiction in the premises. Unless the appellant files the transcript on or before the first day of the next term following the allowance of the appeal, the circuit court does not acquire jurisdiction of the cause. Such is the effect of two decisions of this court involving a similar statute: *State* v. *Zingsem,* 7 Or. 137; *Steel* v. *Rees,* 13 Or. 428 (11 Pac. 68). In this latter case the appellant took, as here, all needful steps to entitle him to enter the cause in the circuit court, but omitted to do so; and the respondent attempted to file the transcript, and thus complete the appeal, with a view of having the judgment affirmed, and fixing the liability of the sureties. But it was held that the filing of the transcript by the respondent was a nullity, and that at most he could only have an action on the undertaking for damages suffered by the stay of proceedings that had been procured.

The statute pertaining to the writ of review, prior to the amendment of 1899, now in force, provided that the writ should be allowed in all cases ''where there is no appeal, or other plain, speedy or adequate remedy,'' touching the effect of which, as affording a remedy concurrent with the right of appeal, there have been conflicting adjudications in this court, a summary of which is given by Mr. Justice STRAHAN in *Ramsey* v. *Pettingill,* 14 Or. 207, 208 (12 Pac. 439). He says: ''One case decided that appeal and review were concurrent remedies: *Schirott* v. *Phillippi,* 3 Or. 484, following *Blanchard* v. *Bennett,* 1 Or. 329. In *Evans* v. *Christian,* 4 Or. 375, this court held that appeal and review were not concurrent remedies, and to that extent overruled the preceding cases on that subject. In the latter case it was further said: 'We do

not question the correctness of the decision of the court in *Schirott* v. *Phillippi,* so far as it determined the real question in that case. That was that a writ of review might issue in a case (otherwise proper) when the right to an appeal once existed, but had been lost by the lapse of time.' '' And it was finally settled by that case that Title I, c. 7, of the Code of Civil Procedure, relating to the writ of review, authorized review only ''where there is no appeal,'' and when the right of appeal from a judgment of a justice's court had been lost by lapse of time a writ of review did not lie. See, also, *Summers* v. *Harrington,* 14 Or. 480 (13 Pac. 300). These cases seem to have settled the law prior to the amendment that appeal and review were in no sense concurrent remedies, and that if the appeal had once existed a review would not lie. The amendment omits the words of the old statute, ''where there is no appeal or other plain, speedy or adequate remedy,'' and declares that ''the writ shall be concurrent with the right of appeal, and shall be allowed in all cases'' where the inferior court has exceeded its jurisdiction, etc. That there was a purpose to make a radical change with respect to the concurrent feature of the procedures, and to overturn the prior statute and practice, is perfectly manifest; and that the effect of the change was to give concurrent remedies has been decided by *Hill* v. *State,* 23 Or. 446 (32 Pac. 160), and followed in *Kirkwood* v. *Washington County,* 32 Or. 568 (52 Pac. 568); *Fanning* v. *Gilliland,* 37 Or. 369 (61 Pac. 636, 62 Pac. 209); and yet there is a question touching whether the two remedies may be prosecuted at the same time. This question, however, is not presented in its fullest aspect in the record before us.

The only one which we may now consider is whether, after the appellant has filed the notice of appeal and undertaking, and secured a stay of proceedings in the justice's court, and an issuance and certification of the transcript, he can rest there, and, without filing such transcript in the circuit court, sue out a writ of review, and have it heard and determined, notwithstanding he has initiated the appeal. It seems clear that as the circuit court has not acquired jurisdiction of the appeal,

the cause having not yet been removed thereto by that proceeding, it had jurisdiction to allow the writ of review, and to remove the cause from the justice's court by that procedure. If the appeal had been perfected by filing the transcript, another question would have been presented, to which the argument of counsel would have been pertinent,—whether the circuit court could ignore it and entertain jurisdiction of the same cause under another proceeding. But by what we have said or shall say we do not wish to be understood as passing upon that question, because it is not involved by the record. Nor does the case of *Fanning* v. *Gilliland,* 37 Or. 369 (61 Pac. 636, 62 Pac. 209), go so far, as the remedies by appeal afforded to the losing party in the lower court therein were in no measure inconsistent. The purposes of the review and the appeal in the assessment of damages are to reach entirely different results. If the plaintiff herein had waited until after February 12 without filing the transcript of the cause on his appeal, he would then have been entitled to the writ, as the appeal would have been deemed abandoned, and the distinct purpose of the amended statute, when the old statute and decisions respecting it are considered, was to give a right of review by the writ, notwithstanding the right of appeal once existed and was lost. The effect could not be different if the plaintiff had failed to prosecute an appeal where one is given, or, having initiated it, failed to perfect the same by filing the transcript: *Poag* v. *Rowe,* 16 Tex. 590. And it may be safely predicated that the present statute even goes further than this, and that a party is given his choice of remedies, and may pursue the one or the other at his option.

2. As respects the other question, it is alleged in the complaint that the plaintiff is the owner and entitled to the possession of the personal property, which is denied by the answer. The finding of the jury is that the plaintiff is entitled to the immediate possession and damages in a sum designated. Just such a verdict, under like allegations, was rendered in the case of *Yick Kee* v. *Dunbar,* 20 Or. 416 (26 Pac. 275), and it was held insufficient to support the judgment, as it did not

pass upon a material issue in the cause, namely, the ownership of the specific personal property involved; the rule being, in actions for the recovery of personal property, that the verdict should be responsive to and dispose of all the material matters put in issue by the pleadings. The defect was considered to be one of substance and vital to a recovery, and the verdict was therefore rendered insufficient to support a judgment that the plaintiff was such owner and entitled to possession. The case is in harmony with prior decisions upon the same subject: *Jones* v. *Snider,* 8 Or. 127; *Phipps* v. *Taylor,* 15 Or. 484 (16 Pac. 171); *Smith* v. *Smith,* 17 Or. 444 (21 Pac. 439). Nor does *Corbell* v. *Childers,* 17 Or. 528 (21 Pac. 670), conflict with this holding, as the verdict in that case was construed to be a finding "for the plaintiff," and that he was entitled to the immediate possession and return of the property; the finding "for the plaintiff" being deemed equivalent to a finding as to ownership and right of possession. The allusion made by the jury by the use of the phrase "as described in the complaint" has reference to the identity of the property, and does not serve in any measure to indicate a finding as to plaintiff's right of ownership.

It follows that the judgment of the court below should be affirmed, and it is so ordered.                    AFFIRMED.