ANDREW DUGANE and ROSE ADAMS, Plaintiffs, v. MILO
    P. SMITH, Judge of the District Court of Linn
    County, Respondent.

**Contempt:** CERTIORARI: MOOT QUESTION. Where one has fully com-
    plied with an order of the court and thus relieved himself of all
    liability for contempt, certiorari will not lie to review the order,
    as the same presents only a moot question.

ORIGINAL proceedings in certiorari for the review of
certain orders of the district court of Linn County. The
material facts are stated in the opinion.—*Quashed.*

WEDNESDAY, JANUARY 13, 1909.

*H. G. Bowman,* for plaintiffs.

*Voris & Haas,* for defendant.

WEAVER, J.—The facts leading up to this proceeding
appear to be as follows: The plaintiff Andrew Dugane
is engaged in the business of loaning money to railway
employes and other wage-earners, securing the repayment
of such advances by taking assignments of or liens upon
the borrowers' future earnings. These loans he professes
to make in the names of his wife and mother-in-law, but
under circumstances indicating him as the real party in
interest, or, if he be in fact an agent, circumstances which
involve his principals in responsibility for his acts in said
business. *France v. Munro,* 138 Iowa, 1.

One Griswold, an employee of the Rock Island Rail-
way Company, applied to Dugane and procured a loan of
$80, for the repayment of which, with a bonus to Dugane

of $50, Griswold and wife made and delivered to the
latter a writing promising to pay to Rose Adams, Dugane's
mother-in-law, $130 within six months from date, with
interest at 8 percent after due and with 25 percent attor-
ney's fees if the note be put in the hands of an attorney
for collection, and an express waiver of "any and all no-
tice of whatsoever kind or nature," together with a waiver
of "the exhaustion of all legal remedies herein," whatever
they may mean.    Following this was another provision, in
the following form:    "In consideration whereof, I do
hereby authorize and empower any other attorney of any
court of record, in term time or vacation, to enter my ap-
pearance therein, and at any time after date hereof,
costs and reasonable attorney's fees, to consent to immedi-
ate issue of execution, to waive and release all errors and
irregularities that may occur in entering up judgment
hereon, and further to agree that no appeal or writ of
error shall be prosecuted on the judgment entered by vir-
tue hereof, nor any bill in equity filed to interfere in any
manner with the operation of said judgment or execution
issued hereon." To still further secure this grossly usuri-
ous contract, Griswold and wife made and delivered to
Dugane another writing, in the following form:

To the Chicago, Rock Island & Pacific Railway Com-
pany, or any other person, firm, copartnership, company,
corporation, organization or official by whom we may now
or hereafter be employed, or from whom we may have
any money due or to become due, or any bank where we
have money on deposit:    On presentation of a copy of this
power of attorney, duly verified, any time before the ex-
piration of ten years from the date hereof, pay to the
order of R. Adams, for value received, one hundred thirty
and no one-hundredths dollars, less the amount in-
dorsed on the back hereof, with interest at 8 per cent per
annum, out of any money due us or to become due after
the presentation of a verified copy of this power of attor-
ney.    We hereby irrevocably waive all exemptions or other

rights we may have by reason of any law of any State in which we are now or may hereafter be employed or may live, and order such other payment out of the first money to become due us; and hereby irrevocably constitute and appoint the holder hereof, his heirs, executors, administrators, or assigns, our true and lawful attorney to receive, sue, or receipt for any and all moneys that may be due to us. Giving and granting unto our said attorney, his heirs, executors, administrators, or assigns, full power and authority to do each and every act or thing necessary or requisite to be done in the premises as fully to all intents and purposes as we might or could do if personally present at the doing thereof.

Later, Griswold, claiming to have repaid to Dugane more than the amount of the money actually borrowed with legal interest, demanded the surrender of his written obligation, which was refused. Thereupon Griswold instituted an action of replevin for said written instrument in the district court of Linn County, naming both Dugane and Adams as defendants. The petition and writ described the instrument the possession of which was sought to be recovered as one for the payment of $80. On being presented with the writ by the sheriff, Dugane admitted he had the paper in his possession at his office or home and would that afternoon bring and deliver it to said officer in answer to the writ. This he did not do, but, taking advantage of the discrepancy in the description of the amount called for by the writ and the amount named in the writing, he telephoned the sheriff that he had no order or power of attorney for $80, and at once instituted suit upon the papers in his hands against Griswold and his wife and the Rock Island Railway Company in the superior court of Cedar Rapids, and, to avoid being compelled to deliver said papers in the district court, he attached the originals thereof to his petition filed in the superior court. Upon Dugane's failure to produce and deliver the papers according to his promise, plaintiff in the

replevin suit procured an order from the district court (the respondent herein presiding), requiring him to appear before the court for examination. Dugane appeared, and, having answered to the citation, his examination revealed the facts as above stated, whereupon the plaintiff in that proceeding immediately amended his petition, correctly describing the instrument, and the court ordered Dugane to deliver the same to the sheriff in obedience to the writ; but he responded that he could not and would not do so. The district court (the respondent herein still presiding), deeming said Dugane to be in contempt, ordered that he stand committed to the county jail until he indicated his compliance with the order made upon him by dismissing his suit begun in the superior court and delivering the instrument in controversy to the sheriff for the purposes of the writ of replevin. With this alternative before him, Dugane dismissed the action begun in the superior court and surrendered the instrument in controversy to the sheriff, and thereafter, uniting his mother-in-law with him as complainant, began this proceeding in *certiorari*.

The purpose of this action is difficult to understand. The order of which the plaintiff complains has been fully complied with. The suit in the superior court has been dismissed. The instrument which is the subject of the replevin has been turned over to the sheriff. Neither of the plaintiffs has ever been imprisoned or confined, and no judgment imposing such penalty now stands against them or either of them. The annulment by this court of the order entered requiring Dugane to dismiss his other suit and surrender the paper or go to jail would serve no purpose, for it has been obeyed. In short, this certiorari proceeding presents a mere abstract or moot question as to the power of the district court to make an order which is no longer executory, but has been fully performed. We can not attempt to consider or pass upon such propositions.

See *Hanna v. Bailie,* District Judge, (Iowa) 118 N. W. 900. The courts do not sit for the mere purpose of pouring judicial oil upon injured feelings or enabling a party to say to his antagonist, "I told you so." Had Mr. Dugane been anxious to test the power and jurisdiction of the court to make the orders of which he complains, he could easily have done so by persisting in his refusal to obey, going to jail, and bringing the case here for review. Possibly that course may have been accompanied by some little inconvenience to Mr. Dugane, but good men in all ages have suffered martyrdom for the vindication of great principles. We can not therefore go into the merits of the case below, but an examination of the record calls for our commendation of the remarkable degree of patience and forbearance manifested by the trial court.

The writ of certiorari is ordered *quashed.*