GILLETTE v. COFFER, Justice of the Peace.

(Fourth Division. Fairbanks, December 5, 1912.)

No. 1859.

CONTEMPT (§ 67*)—REVIEW.
      Where the plaintiff was adjudged guilty of contempt by a justice of the peace and fined and required to eliminate certain statements from an affidavit filed before the justice, and thereupon paid the fine and complied with the order of the court in striking the offensive matter from the affidavit, a writ of review thereafter issued must be dismissed, since there is nothing left for the court to do.

      [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 221, 222; Dec. Dig. § 67.*]

The plaintiff in this proceeding petitions for a writ of review, to review an order entered by J. E. Coffer, commissioner and ex officio justice of the peace for Hot Springs precinct, on the 3d day of September, 1912, wherein the plaintiff was adjudged guilty of contempt of the commissioner's court of that precinct, by reason of certain matters contained

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

in an affidavit filed in a criminal action pending therein on the 19th day of April, 1912, and adjudging that the petitioner pay a fine of $25, and eliminate from the affidavit filed the matters therein deemed objectionable.

L. R. Gillette, in pro. per.

OVERFIELD, District Judge. It appears from the petition that the plaintiff did, on said 3d day of September, 1912, pay the amount of the fine imposed, and did eliminate from the affidavit theretofore filed by him the matter deemed objectionable by the commissioner, and described in his order adjudging plaintiff guilty of contempt. It is apparent, therefore, that any order or judgment that this court might make upon the return to such writ would be ineffectual to restore the plaintiff the fine paid by him, or in any way to relieve him from the effect of said judgment, and that at most such decision could only settle a moot question as to whether the commissioner had proceeded properly in the matter sought to be reviewed. Such questions courts decline to pass upon. The petition discloses a state of facts similar to those in the following cases, wherein parties had been adjudged guilty of contempt, paid the fine adjudged, and otherwise complied with the order of the court sought to be reviewed, and the petitions for review were denied: Ellis v. People, 15 Colo. App. 341, 62 Pac. 232; Dugane v. Smith, J., 140 Iowa, 674, 119 N. W. 73.

It is not necessary to consider whether a writ of review lies under the Alaska Code in a case like this, where the party had a right of appeal. The provisions of the Code in regard to writs of review and appeals from judgments of justices of the peace are taken from the Oregon Code as it stood prior to the amendment of 1889, allowing a writ of review concurrently with the right of appeal. While some of the earlier Oregon decisions had held that the right to a writ of review was concurrent with that of the right of appeal, it seems afterwards to have been definitely decided by the Supreme Court of that state that wherever there was a right of appeal, or such right had existed and been lost through failure to exer-

cise it within the time limited, the writ of review did not lie. Ramsey v. Pettengill, 14 Or. 207, 12 Pac. 439.

The presumption is that, in adopting the statute of Oregon, Congress intended to adopt the construction that had been placed upon it by the Supreme Court of that state, and that, if it had been intended to allow a writ of review concurrent with the right of appeal, it would have adopted and enacted the amendment of the Oregon law of 1889, and would not have adopted the law as it stood prior to such amendment.

There are matters stated in the petition which are immaterial, so far as this proceeding is concerned, but which should be considered in some other way, if the petitioner desires to present them to the court.