## O'CONNOR v. BECK.

(First Division.    Juneau.    July 14, 1917.)

No. 1637–A.

1. JUSTICES OF THE PEACE ☞158(1, 2)—DISMISSAL OF APPEAL FROM.
    O'Connor recovered a judgment against Beck before a justice of the peace on December 28, 1916. On January 23, 1917, Beck served and filed notice of appeal, and gave the undertaking for costs, and on January 27th, delivered the transcript on appeal to the clerk of the district court, but refused to pay the filing fees. The transcript remained in the custody of the clerk, unfiled, until June 1, 1917, at which time O'Connor's attorney paid the filing fees, caused the transcript to be filed, and moved to have the appeal dismissed and for judgment on the undertaking. Motion denied.

2. JUSTICES OF THE PEACE ☞164(3)—APPEAL—FILING TRANSCRIPT.
    Defendant against whom judgment was had before a justice of the peace took an appeal to the district court, gave the notice and bond, and secured the proper transcript to be prepared and delivered to the clerk of the appellate court; but his attorney neglected to pay the filing fees within the time fixed by law. After the time had expired the appellant tendered the necessary fees and an affidavit of merits, and moved to require the clerk to file the transcript as of the date it was actually delivered to him. *Held,* the time for filing the transcript of the cause is jurisdictional and mandatory, it is statutory, and no exceptions are provided for, nor is the court given any power to accept any excuse. Motion denied.

On the 28th day of December, 1916, plaintiff (respondent) recovered a judgment in the justice's court against defendant (appellant) for $328.85, interest, and costs. On the 23d day of January, defendant, having served and filed notice of appeal, gave the undertaking for costs of appeal as provided by statute. The file marks on the "transcript of the cause" purport that the same was filed in the office of the clerk of this court on June 2, 1917.

Respondent moves to dismiss the appeal and for judgment on the undertaking. Appellant resists said motion, and files a counter motion, asking that the clerk be ordered to mark said transcript filed as of the 27th day of January, 1916.

Maltby & Hunt, for plaintiff.

J. B. Marshall, of Juneau, for defendant.

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

JENNINGS, District Judge. Said motions were heard together. The cross-motion will first be considered. It appears from the affidavit of J. W. Bell, clerk of this court, filed in support of the cross-motion, that on the 27th day of January, 1917, the transcript of the cause was delivered to him by appellant's attorney, but was not filed because no filing fees were paid, although same were demanded, and that thereupon said transcript remained in his custody, unfiled, until June 1, 1917, at which date respondent's attorneys paid the filing fees and caused the transcript to be filed for the purpose of having the appeal dismissed.

In support of the cross-motion appellant contends that, although the filing fees were not paid within the 20 days provided by statute, yet the undertaking for costs on appeal filed in the court below and embodied in the transcript of the cause, is in effect all that is required by section 1347, Compiled Laws, and that the "transcript of the cause" should be considered as having been filed when it was delivered to the clerk of the court.

As to this contention it is sufficient answer to say that the clerk of the appellate court (this court) is personally responsible to the government for all fees earned by him, and he has nothing whatsoever to do with the appeal bond filed in the lower court. That bond does not run to him, he never approved or accepted it, and he could not recover under it, for it has no validity unless costs are awarded against the appellant. The clerk has a right to demand his fees in advance from the person offering papers to be filed, and if they are not paid or secured he may refuse to file the papers. His dealing is with the person who requests the filing. The clerk cannot be made to look to a bond given by that person to secure some other person for costs which may be awarded against the former person. Suppose, for instance, no costs are awarded against that former person yet (he having refused to pay the fees) the clerk would then be mulcted for the fees. This contention then cannot be sustained. No fees were either paid or secured, and the transcript of the cause was not filed within 20 days of the notice of appeal. See 3 Words and Phrases, page 2770, heading "Filing."

Appellant further contends, in support of the cross-motion, that he ought not to be held to a strict compliance with the

statute as to the time of filing the transcript, for the reason that, as shown by affidavits, he gave his attorney the money wherewith to pay the filing fees, but that his attorney deceived him and misled him, by causing him to believe that the transcript had been filed in time, and he asks that the appeal papers be ordered filed as of January 27th (that being the date when they were delivered to the custody of Bell, the clerk).

As to this contention, the questions are: Has the court any discretion? and, if so, do such affidavits present any valid reason why the order requested should be made?

I think both questions should be answered in the negative. As to the first question, section 1835 provides:

"Upon the filing of the transcript with the clerk of the district court the appeal is perfected, and the action shall be deemed pending and for trial therein. * * *"

Section 1834 provides that

"Within 20 days after the allowance of the appeal the appellant must file with the clerk of the district court a transcript of the cause."

Section 1837 provides the manner in which the prevailing party in the court below may conserve his rights, if the appellant fail to file such transcript within the time required.

These three sections, when read together, plainly show that the time for filing the transcript of the cause is jurisdictional and mandatory. This is statutory. No exceptions are provided for, nor is the court given power to accept any excuses. But, even if the court were so empowered, yet the excuse offered, to wit, that the appellant had a negligent or dishonest attorney, cannot be accepted, for the reason that the attorney was of appellant's own choosing, and the respondent, being not at fault, cannot be compelled, on account of the fault or neglect of his adversary's attorney, to give up the rights secured to him by the statute.

The cross-motion must therefore be denied.

It seems to be the idea of respondent that, because the appellant did not file the "transcript of the cause," therefore he is entitled to pay the fees and cause the appellant's "transcript of the cause" to be filed, and then move to dismiss the appeal and for judgment on the undertaking. I do not think this can be done.

In the case of State v. Rees, an Oregon case decided May 19, 1886, and found in 13 Or. 428, 11 Pac. 68, the court say:

"In this case the appellant, after giving notice and filing an undertaking which entitled him to enter the cause in the circuit court, took no further steps to perfect the appeal. The respondent had no power to do what the appellant alone could do—carry forward the appeal into the circuit court. The action of the respondent in filing the transcript in the circuit court was wholly without authority of law and void. The action of the circuit court upon such filing was a nullity."

Since that decision, section 1837, C. L., was passed, which provides that the prevailing party in the court below may, in the event of the failure of the appellant to file the transcript within 20 days, have the appeal dismissed and obtain judgment against the appellant and his sureties; but, while this is true, yet a casual reading of the section shows that, in order to acquire such right, he must file in his own behalf a transcript of the judgment, notice, and undertaking.

The last sentence of section 1837 is as follows:

"If the appellant fail to file such transcript within the time required, the adverse party may file a transcript of the judgment of the justice, and the notice and undertaking on appeal, which, on demand, the justice shall deliver to him for that purpose, and thereupon have such appeal dismissed and judgment against the appellant and his sureties as provided in this section."

The use of the words "such transcript," found in the first clause of said last sentence, has reference to the "transcript of the cause" mentioned in section 1834. It is that "transcript of the cause" which appellant must file if he would "forward the appeal into the upper court." "Such transcript" (being the "transcript of the cause") is entirely different from "a transcript of the judgment and notice and undertaking on appeal," which are mentioned later on in said last sentence of said section. A "transcript of the judgment and notice and undertaking" is nothing but a copy of those particular papers. It is this copy which the respondent must file if he would obtain the rights inuring to him under section 1837 in case "the appellant fail to file the transcript of the cause within the time required." He is not given the power to file or cause to be filed the appellant's "transcript of the cause." No one can do that but the appellant; and it may be that, even after taking his appeal, appellant may change his mind and not wish the

"transcript of the cause" to be filed. Shall respondent be allowed to file papers for the appellant, so that respondent may move to dismiss that very appeal? Certainly he could not file appellant's transcript against the will of the appellant.

The state of the matter then is this:

(1) The appellant has not filed any paper from an inspection of which it can be determined what the judgment was, nor who were the sureties, nor whether any appeal has in fact been taken. Indeed, he has filed no papers at all, except his cross-motion and affidavits in support thereof, and they do not reveal the necessary information.

(2) Respondent has filed no papers from which the necessary facts can be ascertained. Indeed, the only paper filed by him, which he was at all authorized to file, is his motion, and the necessary facts cannot be ascertained from it.

There is not, therefore, anything before the court by which it could determine what the judgment is, who the sureties are, nor whether any appeal has been taken.

I cannot see how the court can do anything in this matter except (1) deny respondent's motion, without prejudice to his filing another application in an independent proceeding, as provided by the last sentence of section 1837; (2) deny the appellant's cross-motion. It is so ordered.