Argued March 20, affirmed April 8, rehearing denied April 22, 1919.

## COOPER *v.* BOGUE.

(179 Pac. 658; 180 Pac. 103.)

**Appeal and Error—Writ of Review—Appeal—Concurrent Remedies.**

1. A party cannot prosecute an appeal from a judgment while a writ of review to the same court is pending, since the two remedies, though concurrent, cannot be exercised at the same time.

### ON REHEARING.

**Courts—District Court—Appeal—Trial of Cause Anew.**

2. Section 556, L. O. L., providing that on appeal from judgment of County Court the action shall be tried anew on substantially the issues tried in the lower court, includes issues of fact as on denial of pleading and issues of law as on demurrer to a pleading.

**Certiorari—Writ of Review—Issues Presented.**

3. Only issues of law may be decided on a writ of review.

**Appeal and Error—Concurrent Remedies—Election.**

4. Where plaintiff elected to proceed by review for correction of errors complained of, it barred his subsequent appeal for the correction of errors of law as well as on his issues of fact; Section 605, L. O. L., making a writ of review and remedy of appeal concurrent but not cumulative, so that choice of one is a waiver of the other.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 1.

On September 1, 1917, plaintiff began this action in the District Court of Multnomah County, to recover from the defendant $30.90, upon an account stated The defendant answered, denying the material allegations of the complaint, and also pleaded affirmatively three separate counterclaims. Plaintiff demurred to the affirmative answers, and on November 2, 1917, the demurrer was overruled, and plaintiff refused to plead further. On November 12, 1917, the case was tried in the District Court, resulting in a judgment rendered on the pleadings, in favor of the defendant. On November 20, 1917, plaintiff filed his petition for a writ of review in the Circuit Court, and on the same day the writ was allowed. On December 5, 1917, plaintiff applied to the judge of the District Court for an order allowing an appeal from the same judgment, 'which was allowed and the appeal was thereafter perfected. On January 2, 1918, defendant moved to dismiss the appeal, on the ground that a writ of review was then pending in the Circuit Court in the same action, which motion was allowed, and a judgment entered in favor of defendant for his costs and disbursements upon the appeal, and plaintiff appeals. AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. W. L. Cooper.*

For respondent there was a brief over the names of *Mr. J. Leroy Smith* and *Mr. J. M. Hickson,* with an oral argument by *Mr. Smith.*

BENSON, J.—1. This case presents but one question for our consideration. Can a party prosecute

an appeal from a judgment while a writ of review to the same court is still pending? This question has been definitely answered in the negative by this court, in the case of *Clubine* v. *City of Merrill*, 83 Or. 87 (163 Pac. 85). The two remedies are concurrent but they cannot be exercised at the same time.

The judgment of the lower court is therefore affirmed.     Affirmed.

McBride, C. J., and Burnett and Harris, JJ., concur.

---

Denied April 22, 1919.

## On Petition for Rehearing.

(180 Pac. 103.)

Former decision adhered to. Rehearing Denied.

*Mr. W. L. Cooper,* for the petition.

*Mr. J. Leroy Smith* and *Mr. J. M. Hickson, contra.*

In Banc.

BURNETT, J.—In his petition for rehearing the plaintiff criticises the opinion written by Mr. Justice Benson which stated in substance that this was an action to recover upon an account stated, in which the defendant answered denying the complaint and pleading three separate counterclaims and that the action resulted in a judgment for the defendant on the pleadings. In substance, the critique is that inasmuch as there was present the general issue arising from the denial in the answer and there was a recital in the

judgment that a witness was sworn and testified, there must have been a trial of an issue of fact and hence the opinion was erroneous in stating that the result was a judgment on the pleadings.

The opinion did not attempt to say whether the disposition of the case by the original trial court was correct or not; it simply stated the fact which the record discloses. It may be true that there was an issue of fact involved, and it may be true also, as stated in the journal entry of the District Court, that a witness was sworn and testified, but it also appears that there was in that court a motion for a judgment on the pleadings and that the court placed its decision upon the ground that the plaintiff had refused to reply to the counterclaim. A judgment was thereupon rendered for the full amount of the defendant's counterclaim, a result that could be achieved only by considering the proceeding as a motion for judgment on the pleadings. Whether it was correct or erroneous was not the question presented for our consideration.

What we undertook to decide and did decide was that under the statute, Section 605, L. O. L., the writ of review and the remedy by appeal are concurrent, so that if a litigant is dissatisfied with the result of a case in an inferior court he may choose either of the two remedies as he may be advised, but having made his election it amounts to a waiver of the other proceeding.

The precedents cited by the plaintiff in his petition for rehearing, viz., *Schirott* v. *Phillippi*, 3 Or. 484, *Evans* v. *Christian*, 4 Or. 375, *Sellers* v. *Corvallis*, 5 Or. 273, and *Ramsey* v. *Pettengill*, 14 Or. 207 (12 Pac. 439), were all decided before the legislation embodied in the present form of Section 605, concerning which the learned annotator of Lord's Oregon Laws says:

"The amendment of this section in 1889, making the writ concurrent with the right of appeal, makes it unnecessary to annotate the cases with respect to that question under the old statute.".

As shown by the exemplification of the writ of review attached to the petition for rehearing and the abstract the chronology of the proceeding is this: Plaintiff's demurrer to the counterclaim was overruled November 2d; the trial and final judgment on the pleadings, as stated above, occurred November 12th; the writ of review was sued out November 20th; and the appeal was allowed December 5th; all in the year 1917. The cause was ripe for either appeal or review when final judgment was entered in the District Court.

2. If the plaintiff had been content only to appeal from the final judgment of the District Court, he might have raised in the Circuit Court all the questions of law he urged by demurrer to the answer and secured, as well, a determination of the issue of fact arising from the traverse of his complaint. The reason for this statement is found in Section 556, L. O. L., which declares that

"Upon an appeal from the judgment of a County Court or Justice's Court, the action shall be tried anew, upon substantially the issues tried in the court below."

3, 4. These may be issues of law, as upon demurrer to a pleading, or issues of fact, as upon denial of a pleading, all of which may be determined upon appeal to the Circuit Court, while only issues of law may be decided on a writ of review. It would lead to endless confusion if a litigant could review part of a proceeding of an inferior court and appeal from the remainder. All the statute has done is to make the two remedies concurrent, thus giving a party his choice

between the two. But the legislature has not made them cumulative and hence the choice of one is a waiver of the other. If the aggrieved party takes out a writ of review, he abandons his contention about the facts and stakes his case on the issues of law. The plaintiff had clearly elected to proceed by review for the correction of the errors of which he complained. Having thus elected it put the quietus upon his subsequent appeal for the correction of the same errors of law as well as upon his issues of fact.

We adhere to the former decision.

AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BEAN and BENNETT, JJ., concur.