## MURPHY *v.* DALTON.

1. ASSUMPSIT—ADVANCES UNDER CONTRACT—ABANDONMENT—RECOVERY UNDER COMMON COUNTS.

> Where plaintiff made advances to defendant on a contract which was abandoned, it was proper for plaintiff to sue on the common counts in assumpsit for the recovery of the advances.

2. SAME—DECLARATION—MONEY LENT—VARIANCE.

> Where plaintiff sued on the common counts in assumpsit, furnishing a bill of particulars for "money lent," and the evidence showed that the money had been advanced to defendants to enable them to manufacture lumber on an understanding that it was to be sold by plaintiff on commission that plaintiff might get back his advances, there was no variance.

3. SAME—VIOLATION OF CONTRACT BY PLAINTIFF.

> Where plaintiff, after making advances to defendant under a contract, violated the same, but the contract was not abandoned, plaintiff could not recover the advances on the common counts in assumpsit.

Error to Wexford; Chittenden, J.    Submitted January 6, 1905.    (Docket No. 25.)    Decided February 4, 1905.

Assumpsit by Joseph Murphy and Fred A. Diggins, copartners as Murphy & Diggins, against John Dalton for money had and received.    There was judgment for

defendant on a verdict directed by the court, and plaintiffs bring error.   Reversed.

Plaintiffs' declaration is upon the common counts in assumpsit.   A bill of particulars was furnished, which specified four items ''of money lent defendant by plaintiffs," giving dates.   With the plea of the general issue defendant gave notice that the items mentioned in the bill of particulars were paid to defendant upon a certain contract dated February 2, 1900, by which defendant agreed to manufacture and sell to plaintiffs a certain amount of lumber at stipulated prices; that said plaintiffs refused to perform the contract; that defendant performed his part of the contract, and claimed to recoup damages for the nonperformance of the contract by the plaintiffs.   Upon this contract the first item of $350 was paid by plaintiffs to defendant.   The theory of the plaintiffs is that, on account of the inability of the defendant to perform that contract and deliver the lumber within the time specified, it was mutually abandoned; that it was understood that the money so advanced should be repaid to the plaintiffs; and that another parol agreement was made between them by which plaintiffs agreed to furnish defendant money required to manufacture the lumber, and that the plaintiffs should handle the lumber on commission—at least enough of it to get back the advances which had been made. They gave testimony in support of this theory.   The defense claimed that the first contract was never abandoned, and that all the sums advanced were advanced upon that contract, which the plaintiffs had failed to keep.   The court directed a verdict for the defendant, for the reason that the money so advanced was not a loan, and that there was a fatal variance between the pleadings and the proofs.

*E. Eugene Haskins,* for appellants.

*Charles A. Withey* (*J. E. Richardson,* of counsel), for appellee.

GRANT, J. (*after stating the facts*).   Under the plaintiffs' proofs the first contract was mutually abandoned. Even if nothing were said about the repayment of the $350 advanced upon it the law implies a promise to repay under such circumstances, and a declaration upon the common counts in assumpsit is sufficient.

The further theory of the plaintiffs is that the defendant, after receiving the money under the parol contract as advances, deliberately violated it, and sold the lumber to other parties.

In *Hunt* v. *Sackett*, 31 Mich. 18, the parties exchanged horses, one paying boot money.   Plaintiff sought to recover on the common counts, without tendering back the boot money.

In *Gorman* v. *Newaygo Circuit Judge*, 27 Mich. 138, the declaration was upon the common counts.   The defense set up a contract that plaintiff had refused to carry out.   Plaintiff then filed an amended declaration setting up a breach of the contract.   The court said that the contract remained open, and still in force, and that the amended declaration was the introduction of a new cause of action.

In *Butterfield* v. *Seligman*, 17 Mich. 95, there was no breach of contract.   The defendant sold certain lands to plaintiff, with a special written agreement that, if a good title could not be made, he was to return to plaintiff $625. A good title could not be made.   It was held that the declaration should have been based upon the special contract.

These and similar cases do not apply.   If the defendant received the money of plaintiffs upon the contracts, and one was mutually abandoned, and the other repudiated by the defendant, he had money which in equity and good conscience belonged to the plaintiffs, and the law implies a promise to pay it back.   The objection is technical. It is true that plaintiffs did not lend or loan the defendant money within the strict definition of the term "loan." More appropriate language might have been used in de-

scribing the transaction. But the parties thoroughly understood what was meant, and the defendant, by his plea and notice, is shown to have fully understood the declaration and the items in the bill of particulars. He was not, therefore, taken by surprise. Under plaintiffs' theory and proofs the defendant has money in his hands, advanced to him, part upon a contract mutually abandoned and part upon a contract repudiated by him. If the jury believed the evidence on the part of the plaintiffs, they were entitled to recover under the principle of the following cases: *Johnson* v. *Insurance Co.*, 39 Mich. 33; *Phippen* v. *Morehouse*, 50 Mich. 537; *Nugent* v. *Teachout*, 67 Mich. 571; *Murphy* v. *McGraw*, 74 Mich. 318; *Ripley* v. *Case*, 78 Mich. 126; *Fitzpatrick* v. *Hoffman*, 104 Mich. 228.

If the first contract was still in existence, and had been violated by the plaintiffs, and all the advances were made under it, then the defendant was entitled to recover. The issue was one for the jury.

Judgment reversed, and new trial ordered.

MOORE, C. J., and MCALVAY, BLAIR, and HOOKER, JJ., concurred.