Points Decided.

(July 9, 1926.)

# WESLEY FOSTER, Respondent, v. A. A. WARNER, Appellant.

[249 Pac. 771.]

CONTRACTS—SICKNESS AS EXCUSE FOR NONPERFORMANCE—ADMISSION
  OF EVIDENCE OF SICKNESS—NOT CURED BY INSTRUCTION—SALES—
  DEFAULT IN PAYMENT UNDER CONTRACT—BUYER'S REMEDY FOR
  NONDELIVERY.

1. Sickness does not excuse nonperformance of contract, according to its terms.

2. Plaintiff having rested his case, in part, on inability to complete contract because of unforeseen difficulties, of which sickness was an important part, it cannot be said that jury was not influenced by evidence of sickness, nor that instruction that sickness did not furnish excuse for nonperformance of contract was sufficient to overcome the testimony.

3. Buyer may not recover for breach of contract by nondelivery, he having been first in default as to payment.

4. Contract will not be considered as giving right to forfeiture, unless intention to give it is clearly expressed.

5. Though buyer may not recover for nondelivery, he having been first in default as to payment, this does not prevent his recovery of advances on price, less seller's damages, in absence of provision for forfeiture.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. W. A. Babcock, Judge.

Action for damages and to recover advance payments on contract for sale of personal property. Judgment for plaintiff. *Reversed* and *remanded.*

Publisher's Note.

1. See 6 R. C. L. 1011.

3. See 6 R. C. L. 1034.

4. See 6 R. C. L. 906.

5. Recovery of advance payments, see notes in 112 **Am. St.** 170; 3 L. R. A., N. S., 785. See, also, 24 R. C. L. 67.

Walters & Parry, for Appellant.

Plaintiff seeks two inconsistent remedies. He seeks to rescind contract by recovering back money advanced as down payment and he seeks to treat contract as in force by asking for loss of profits. (2 Sedgwick on Damages, 9th ed., p. 1529, sec. 733A; *Nash v. Towne,* 5 Wall. (U. S.) 689, 18 L. ed. 527; *Smiley v. Baker,* 83 Fed. 684, 28 C. C. A. 9; *Seaver v. Hall,* 50 Neb. 878, 70 N. W. 373; *Church v. Bourne,* 79 Misc. Rep. 629, 141 N. Y. Supp. 333; 39 Cyc. 1997, 2000; *Baltimore & Ohio S. W. Ry. Co. v. Adams,* 27 Ind. App. 185, 60 N. E. 1004.)

Time is of the essence of the contracts of purchase. (*Hawkins v. Smith,* 35 Ida. 349, at 352, 205 Pac. 188, and cases cited; *Buster v. Fletcher,* 22 Ida. 172, 125 Pac. 226; *Settle v. Winters,* 2 Ida. 199, 215, 10 Pac. 216; *Durant v. Comegys,* 3 Ida. 204, 28 Pac. 425; *Olympia Mining Co. v. Kerns,* 24 Ida. 481, 135 Pac. 255; *Hughes Produce Co. v. Pulley,* 47 Utah, 544, 155 Pac. 337, L. R. A. 1916D, 728; *Wilson v. Empire Dairy Salt Co.,* 50 App. Div. 114, 63 N. Y. Supp. 565.)

When plaintiff failed to pay the balance due on the purchase price of the honey, it was the legal right of the defendant to rescind the contract and sell his honey elsewhere. (35 Cyc. 133, 620.)

Sickness is no excuse for plaintiff not tendering money within time. (13 C. J. 635, sec. 706; *MacFarlane v. Allan-Pfeiffer Chemical Co.,* 59 Wash. 154, Ann. Cas. 1912A, 1180, 109 Pac. 604, 28 L. R. A., N. S., 314; 5 Page on Contracts, sec. 2675; *Zanello v. Smith & Watson Iron Works,* 62 Or. 213, 124 Pac. 660.)

The buyer cannot recover price if he forfeits contract. (*Hatcher v. Ferguson,* 33 Ida. 639, 16 A. L. R. 590, 198 Pac. 680; 35 Cyc. 605.)

Sweeley & Sweeley, for Respondent.

The surrounding facts and circumstances are to be considered to ascertain the intention of the parties, as to time of performance of a contract. (*Hawkins v. Smith,* 35 Ida. 349, 205 Pac. 188.)

Where performance upon a precise date is not vital and may be compensated in damages, mere delay, in the absence of fraud or the like, will not justify the other party in abandoning the contract. (6 R. C. L. 928; *Reid v. Mix*, 63 Kan. 745, 66 Pac. 1021, 55 L. R. A. 706.)

Forfeitures are not favored, either in law or in equity. (*Abercombie v. Stoddard*, 39 Ida. 146, 228 Pac. 232; *Pierce v. Staub*, 78 Conn. 459, 112 Am. St. 163, 62 Atl. 760, 3 L. R. A., N. S., 785; *King v. Seebeck*, 20 Ida. 223, 118 Pac. 292; *Harris v. Reed*, 21 Ida. 364, 121 Pac. 780; *La Shonse v. Herrick*, 39 Ida. 67, 225 Pac. 1019; *Texas Co. v. Pensacola Maritime Corp.*, 279 Fed. 19, 24 A. L. R. 1336; *White v. Miller*, 132 Iowa, 144, 109 N. W. 465, 8 L. R. A., N. S., 727.)

The question whether the acts of the plaintiff or of Harper showed intention on their part to abandon the contracts was for the jury. (*Harper v. Battle*, 180 N. C. 375, 20 A. L. R. 357, 104 S. E. 658.)

The seller can claim as a forfeiture and hold the amount paid as earnest-money or as a partial payment only in a case where the buyer wrongfully refuses to carry out the contract of sale or wrongfully refuses to receive the goods when tendered. (*Hatcher v. Ferguson*, 33 Ida. 639, 653, 16 A. L. R. 590, 198 Pac. 680; 6 R. C. L. 928, sec. 312; *Reid v. Mix*, 63 Kan. 745, 66 Pac. 1021, 55 L. R. A. 706.)

Where a vendor upon a default in payment by his vendee elects to rescind the contract instead of bringing an action for damages there is no forfeiture of payments previously made but such an equitable amount thereof may be recovered by the purchaser as will restore as nearly as possible the *status quo*. (*Pierce v. Staub*, 78 Conn. 459, 112 Am. St. 163, 62 Atl. 760, 3 L. R. A., N. S., 785, 789, and cases cited.)

Where a contract is rescinded by either party he must restore to the other everything he received pursuant to it. (*Bowman v. Ayers*, 2 Ida. 431, 465, 21 Pac. 405; *Breshears v. Callender*, 23 Ida. 348, 131 Pac. 15.)

The defendant has not restored or offered to restore to either Harper or the plaintiff any part of the money he

received.  A rescission of a contract can be made by one of the parties in a case where a rescission will lie only by restoring to the other what he has received.  (6 R. C. L. 936, sec. 319, and cases cited; 2 Sutherland on Damages, 4th ed., p. 2016, sec. 586; *Pierce v. Staub, supra.*)

BUDGE, J.—On October 29, 1918, one Harper, as agent for respondent, contracted with appellant for the purchase of certain honey in two lots, and as an advance on the purchase price appellant was paid the sum of $330.  The bases of the agreement entered into were two bills of sale executed and delivered by appellant, one of which reads as follows:

"This is to certify that A. A. Warner of Buhl, Idaho, has this 29 day of Oct. 1918 bargained and sold to Chas. H. Harper the following described honey, and does hereby guarantee the title thereto, viz.:

"50 cases (2 60# cans to case) of extract honey (white) the purchase price of which is to be 20½ cents per pound. The balance to be paid when honey is delivered to railroad car.  To be shipped within thirty days.

                                        "(Signed) A. A. WARNER.
"Received in partial payment for above mentioned ——— $150.00."

The other bill of sale was for sixty cases of honey and identical in form as the one set out above, except that the word "on" was used in stead of "to" just preceding "railroad car," and the amount stated as received in partial payment was $180.

Payment of the balance on the purchase price was not made within the thirty-day period; the appellant thereafter sold the honey elsewhere; and an action was subsequently commenced by respondent to recover the $330 advanced, together with loss of profits alleged to have resulted by reason of the failure of appellant to make delivery of the honey. The jury returned a verdict for respondent in the sum of $429.50, and from the judgment entered thereon appellant has prosecuted an appeal.

Among the assignments of error, it. is contended that the evidence is insufficient to sustain the verdict and judgment

entered thereon, in a number of particulars stated. The record shows that respondent resided at Boulder, Colorado, and that Harper, his brother-in-law, acted as his agent in the purchase of these and other lots of honey from persons living in the vicinity of Buhl. The contract with appellant for the purchase of his honey was made on October 29, 1918, and it was understood that the payment of the balance due on the purchase price was to be made within thirty days from that date, delivery of the honey to or on railroad car to be furnished by respondent's agent to be made upon such payment. On November 21, 1918, Harper (with whom appellant was dealing exclusively) was called to Nampa, on account of sickness in his family. While in Nampa and before the expiration of the thirty-day period Harper wired to appellant stating that he had arrangements nearly completed for taking care of the honey and payments that week, but that on account of being in Nampa he. might be delayed some and would write appellant when and where to deliver the honey. On November 30th appellant, together with others who had contracted to sell their honey to Harper, wired him as follows:

"Honey ready to ship we must have balance due today otherwise your contract cancelled." On the same day (November 30th) Harper wired appellant that on account of the sickness in his family he could not "get to bank to handle business" and that he was at the mercy of appellant; and again on the same day, upon receipt of information that the money for payment of the balances due was available, Harper wired appellant that he was trying to make arrangements to settle for the honey "next week," that the money was in a bank in Twin Falls. At this time Harper sent on the contracts covering the purchases made to one Carmichael at Filer, whom he had left in charge of his affairs, and instructed him as to taking care of the payments.

There is no dispute as to the facts that it was understood and agreed by all the parties concerned that payment of the balance due on the purchase price was to be made within thirty days from the date of the bills of sale; that railroad

car was to be furnished upon or to which delivery of the honey was to be made; and that no car was furnished or tender of the money due made within such stipulated time.

The evidence further shows that respondent arranged with his bank in Boulder, Colorado, to extend credit to a bank in Twin Falls in an amount sufficient to make payment of the balances due on the contracts of all the parties from whom his agent Harper had purchased honey, and that it was the understanding that the bank in Twin Falls was to honor checks drawn for that purpose by Carmichael, acting for Harper. Carmichael testified that, acting pursuant to instructions received from Harper, he went to Buhl on December 3d and talked with parties to whom he supposed money was coming under the contracts; that he didn't know that he talked to appellant but thought he was among a number of men with whom he had a conversation concerning the matter. In this respect appellant testified he had never seen Carmichael and was not in town on the day Carmichael stated he talked with the parties mentioned. Appellant further testified that no demand was made for the honey within the thirty-day period, and that no money in payment therefor was tendered to him by anyone; that he had wired Harper on November 30th that balance due must be paid on that day or the contract canceled, and that on December 1st he received a telegram from Harper stating that the money to pay for the honey was in a bank at Twin Falls; that he (appellant) was advised by other parties who had similar contracts that Carmichael was handling the matter for Harper; and that he sold his honey on December 4th to another for twenty cents per pound, less commission.

[1] Considerable testimony was introduced on behalf of respondent to show that the reason the money due to appellant was not paid within the thirty days was because of sickness in the family of respondent and his agent, Harper, and that on that account it was impossible to have the money available and see to its payment within that time. Objection was made to this line of testimony but the court permitted it to go to the jury, it appearing from the record that it was respondent's theory that the sickness was an act

of God, which prevented respondent from complying with the terms of the contract. It is well settled that sickness does not excuse the performance of a contract according to its terms. (6 R. C. L. 997, 1011; 13 C. J. 635.)

[2] In its instructions to the jury the court stated that sickness did not furnish an excuse for the nonperformance of a contract, and it is urged by counsel for respondent that this cured any misunderstanding concerning the admission of evidence as to respondent's inability to consummate the contract by reason of sickness. Since it appears from the record that respondent's case rested in part upon the facts that he and his agent Harper were unable to complete the contract because of unforeseen difficulties arising and that sickness was an important part of such difficulties, it cannot be said that the jury was not influenced by that evidence in its consideration of the case, nor that the court's instruction was sufficient to overcome the testimony in that respect.

It is contended by appellant that the court erred in denying the motion that respondent be required to elect which of two inconsistent causes of action he would prosecute. In his complaint respondent alleged that appellant violated the contract by failure to deliver the honey, by reason of which respondent was damaged on account of loss of profits in the sum of $231; and also that appellant was indebted to him in the sum of $330 as money advanced on the purchase price, judgment being prayed for in a sum equal to the two amounts above mentioned, together with the legal rate of interest. Appellant's motion was, in effect, that respondent be required to elect whether he intended to treat the contract as rescinded and seek to recover the amounts paid thereon, or whether he was seeking damages for the breach of the contract. The motion was denied, and the court also instructed the jury that if it found that appellant, in violation of the contract, failed to deliver the honey, the measure of respondent's damage would be the amount he had advanced to appellant on the purchase price, with interest, together with whatever amount it might find respondent lost by way of profits on the sale of the honey by him by

reason of the nondelivery of the same. The giving of this instruction is also assigned as error.

[3] The allegations of the complaint show that respondent sought to base his right of recovery in part upon a breach of the contract by appellant, but the evidence discloses that it was respondent who was in default. It requires no citation of authority that in such case the latter could not recover for breach of the contract. It has been held, however, that where money is paid on an executory contract which is subsequently rescinded by the seller, the purchaser is entitled to a return of his part payments, less any damages sustained by the seller. (*Pierce v. Staub,* 78 Conn. 459, 112 Am. St. 163, 62 Atl. 760, 3 L. R. A., N. S., 785; *Miller v. Steen,* 30 Cal. 402, 89 Am. Dec. 124; *Sabas v. Gregory,* 91 Conn. 26, 98 Atl. 293; *Murphy v. Dalton,* 139 Mich. 79, 102 N. W. 277; *Quality Clothes Shop v. Keeney,* 57 Ind. App. 500, 106 N. E. 541; *Nash v. Towne,* 5 Wall. (U. S.) 689, 18 L. ed. 527.)

[4] There was no provision in the contract for a forfeiture, and it has been held by this court as well as many others that a forfeiture is a harsh remedy and a contract will not be considered as creating a right to a forfeiture unless such intention is clearly expressed by the language used. (*La Shonse v. Herrick,* 39 Ida. 67, 225 Pac. 1019, and cases therein cited; *Pierce v. Staub, supra.*)

[5] While it would seem that respondent in the instant case cannot maintain an action for breach of contract, due to his own failure of performance, he is not prevented from recovering the amounts advanced, less any damages sustained by appellant.

The judgment is reversed and the cause remanded for further proceedings in conformity with the views expressed herein. Costs awarded to appellant.

William A. Lee, C. J., and Givens, J., concur.

TAYLOR, J., Concurring in Part and Dissenting in Part. I concur so far as a reversal is concerned. The complaint stated a cause of action for breach of contract. At the trial,

the defendant demanded that plaintiff elect between two inconsistent actions, one for breach of the contract, the other based upon rescission. The whole case was submitted to the jury upon the theory of the breach of the contract. Plaintiff, to excuse his default and recover for a breach, offered, and the court admitted, evidence of excuse which the opinion correctly holds was inadmissible, and gave instructions properly held to be erroneous.

The respondent insists in this court, by his brief, that his action was for a breach of contract, saying:

"More than this there was no uncertainty in respondent's complaint as to the nature of his demand. It plainly shows in express terms that respondent sought to recover for damages for a breach of a contract and not to recover money paid on the theory that there had been a rescission which he accepted."

One who sues upon contract in effect refuses to acquiesce in a rescission, but sues rather for the breach.

"Whether a verdict will operate to confirm a rescission, will depend, at least to some extent, on the form of the action and the pleadings. A purchaser, therefore, should not sue on the warranty if he desires the contract to be regarded as rescinded, but should bring some action which treats the contract of sale as void." (*Carter & Harden v. Walker,* 2 Rich. (S. C.) 40.)

" . . . . It is recognized as the settled law, that *assumpsit* for money had and received, will not lie until the contract has been rescinded." Id.

The evidence having disclosed plaintiff's own breach of the contract, he seems ready to accept the other theory, and to say that if he is not permitted to recover for the breach, he must be permitted to sustain the verdict as one upon rescission. The opinion correctly refuses so to sustain it. Having decided that this was not an action for rescission, but for breach of contract, it becomes unnecessary to discuss an action for rescission, or the right to, or the measure of damages in, such a case.

42 Idaho—47

The judgment should be reversed with instructions to enter judgment dismissing the action.

I am authorized to state that Mr. Justice Wm. E. Lee concurs in this opinion.

Petition for rehearing denied.