KING *v.* BIRD.

1. FRAUDS, STATUTE OF—ORAL CONTRACT FOR INTEREST IN LAND VOID.

An oral contract for the purchase of an interest in land being void under the statute of frauds, the money paid thereunder is recoverable under the common counts in assumpsit.

2. APPEAL AND ERROR—BILL OF PARTICULARS TREATED AS AMENDED ON APPEAL.

If a bill of particulars is insufficient to support a verdict, the Supreme Court may treat it as amended to cover the proof made.

3. TRIAL—ACTION—RIGHT OF PLAINTIFF TO RECOVER UNDER DEFENDANTS' THEORY.

In an action to recover money paid on the theory that it was a loan and also on the common counts, where defendants claimed that it was paid under an oral contract for an interest in land, plaintiff was entitled to recover whichever theory the jury approved, since the oral contract, if made, was void under the statute of frauds, and the money paid thereunder was recoverable under the common counts.

4. JUDGMENT—NON OBSTANTE VEREDICTO—RESERVED DECISION NOT AFFECTED BY JURY'S FINDING.

Where decision of a motion for a directed verdict, made before the cause was submitted to the jury, was reserved under the statute, the finding of the jury has no effect thereon, since it must be considered on the situation as it existed before submission.

5. APPEAL AND ERROR—QUESTION NOT PRESENTED ON TRIAL NOT CONSIDERED ON APPEAL.

A question which at most would have raised an issue of fact for the jury, but which was not presented to the circuit court either on the trial or on reserved motion after verdict, and is not covered by the assignments of error, may not be considered by the Supreme Court.

On right of party to have case submitted to jury when his own testimony negatives his right of action or defense, see annotation in 50 A. L. R. 979.

6. SAME—PARTY NOT ENTITLED TO RELIEF ON MATTERS NOT PRE-
    SENTED IN TRIAL COURT.

    A party may not have relief in the Supreme Court on matters
        which should have been presented to the circuit court, but
        which were not so presented nor covered by the assignments
        of error.

Error to Oakland; Covert (Frank L.), J. Sub-
mitted October 10, 1928. (Docket No. 6, Calendar
No. 33,298.) Decided December 4, 1928. Rehearing
denied March 29, 1929.

Assumpsit by Fred G. King against George L.
Bird and Hercules A. St. Louis, copartners as Bird
& St. Louis, for money had and received. Judgment
for plaintiff *non obstante veredicto*. Defendants
bring error. Affirmed.

*Pelton & McGee,* for appellants.

*George A. Cram,* for appellee.

FEAD, C. J. In March, 1920, plaintiff, as broker,
negotiated a sale of property at Pontiac, known as
the National block, to defendants at the price of
$382,500. Preliminary contract was executed and
$10,000 paid thereon, followed by a formal land con-
tract with additional down payment of $40,000. De-
fendants had difficulty in obtaining the $40,000 and
plaintiff agreed to turn over to them his commission,
or $10,000 of it, when received. Upon execution of
the formal contract, he collected his commission and
paid $10,000 to defendants. They gave him a re-
ceipt reading, "Received of Fred G. King, $10,000,
as his interest in the National block." Defendants
commissioned plaintiff to sell the property, but he
was not successful. Defendants carried the con-
tract until May, 1923, when, being unable to sell,
they surrendered it,

Plaintiff brought this suit in 1924 to recover from defendants the $10,000 he so had paid over to them. The first count of his declaration and his bill of particulars stated his theory that the transaction was a loan. The declaration also contained the common counts in assumpsit. Defendants' claim was that as defendants were not quite able to finance the payment of $40,000, and as plaintiff was not entitled to a commission until the formal contract was executed; plaintiff agreed to contribute his commission to the enterprise, to have a proportionate interest in the property, to take his share of the profits on resale, and upon that agreement he paid them the money.

When the proofs were closed, plaintiff moved for a directed verdict. The motion was reserved under the statute. The case was submitted to the jury on the sole theory that plaintiff could not recover unless the transaction was a loan. The jury found for the defendants. The court, on the reserved motion, later entered judgment for plaintiff notwithstanding the verdict, on the theory that defendants' claim of the transaction disclosed a contract void under the statute of frauds and the money paid thereunder was recoverable in the suit. Defendants have set up only two assignments of error, (a) that the court erred in granting plaintiff's motion for judgment notwithstanding the verdict, and (b) that the court erred in ordering and entering judgment for plaintiff notwithstanding the verdict.

In the circuit court, defendants conceded that their version of the transaction disclosed a contract which contemplated that plaintiff have an interest in real estate. Being oral, the contract was void under the statute of frauds and money paid thereon may be recovered under the common counts in assumpsit. *Kuchenmeister* v. *Dusza,* 218 Mich. 497. They con-

tend, however, that plaintiff, by his bill of particulars, was restricted to the theory of loan and he could not recover on the basis of defendants' version of the transaction. If the bill of particulars was insufficient to support a verdict (see *Murphy* v. *Dalton,* 139 Mich. 79), this court may treat it as amended to cover the proof made (*Feiertag* v. *Feiertag,* 73 Mich. 297).

Defendants further contend that, as the jury rejected plaintiff's testimony that the transaction was a loan, he cannot now recover on a state of facts opposed to his own theory, citing *Harlow* v. *Leclair,* 82 N. H. 506 (136 Atl. 128, 50 A. L. R. 973). In that case it was held that where a party himself testified to facts about which he could not be mistaken and which, if proved, would defeat his cause of action, he cannot recover on the testimony contradicting him. The rule is not applicable here. The plaintiff was entitled to recover if the jury accepted his own claim of the facts. He was also entitled to recover if defendants' version was approved. The finding of the jury had no effect upon the motion for judgment notwithstanding the verdict because the motion was made and must be considered on the situation as it existed before submission of the cause to the jury.

After judgment was entered this court handed down the opinion in *Bresee* v. *Robinson,* 236 Mich. 633. Defendants now claim that the agreement with plaintiff was not that he should have an interest in the real estate, but merely that he should have an interest in the profits on its sale, and, under the above decision, the contract was not within the statute of frauds. Assuming that their testimony was susceptible of such construction, at most it would have raised an issue of fact for the jury. The point

was not presented to the circuit court at the trial, nor on the reserved motion after verdict. It is not covered by the assignments of error. No ruling thereon by the circuit court is here for review.

Defendants also urge that plaintiff was estopped from claiming benefit of the statute of frauds because he induced them to enter into the formal contract. Plaintiff denied defendants' claim in this respect. The testimony was in dispute and raised a question for the jury. The point was not presented to the circuit court nor covered by the assignments of error. Defendants' relief on matters which should have been presented to the jury must be found, if at all, in the circuit court.

The judgment is affirmed.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.