Argued June 9; affirmed June 23, 1931.

## BARR ET AL. *v.* WOODBURY ET AL.

(300 P. 497)

*C. M. Hodges,* of Portland (Hodges & Gay, of Portland, on the brief), for appellants.

*Robert G. Smith,* of Portland (V. A. C. Ahlf, of Portland, on the brief), for respondents.

CAMPBELL, J. Plaintiffs' amended complaint alleges in effect that defendant, Oregon Junk and Hardware Company, was organized as a corporation, June 16, 1928, and ever since has been such. That between November 16, 1927, and May 1, 1928, plaintiffs performed and furnished labor and services and furnished materials for and at the request of the defendants, Ray Woodbury, R. L. Martin, N. Goldberg and R. Cohn, in the transportation of certain logging machinery and equipment between certain points in Lewis county, state of Washington. That the reasonable value of said services and materials was $4,846. That an itemized statement of said claims was attached to the complaint and made a part thereof. That said N. Goldberg and R. Cohn at the times alleged in the complaint prior to June 16, 1928, were partners doing business under the firm name of Oregon Junk and Hardware Company, and that on or about June 16, 1928, they organized the defendant corporation, Oregon Junk and Hardware Company, and transferred and assigned to the said corporation all the assets of their partnership. That at the time of said transfer from the partnership to the corporation, the corporation knew of the indebtedness owed by the partnership to the plaintiffs, and as a part of the consideration for the transfer the corporation agreed with the partners to assume and pay all sums owed by the other defendants to the plaintiffs herein for the labor and services above specified.

The defendants, Ray Woodbury and R. L. Martin, answered the amended complaint, alleged their partnership, and alleged that plaintiffs Robert Barr and Edwin Ersted were copartners, and that plaintiffs Theo F. Wahl and R. W. Smith were copartners, and

that said copartnerships entered into an agreement for the labor and services specified in plaintiffs' complaint, but denied all the other allegations.

For a further and separate answer and defense they allege certain counterclaims and offsets to plaintiffs' demands. Defendants N. Goldberg and R. Cohn filed an answer alleging that they were partners and also the identical allegations as to all other matters, including the new matter, as the answer of defendants Woodbury and Martin.

The defendant Oregon Junk and Hardware Company filed a general denial. Replies were filed denying all the new matter in the answers. It appears that R. W. Pruitt was made a party plaintiff through mistake and was later dismissed from the action.

The cause was tried to the court without a jury. Findings of fact and conclusions of law were made in favor of the plaintiffs and against defendants Woodbury, Martin, Golderg and Cohn, but in favor of defendant Oregon Junk and Hardware Company. Judgment was thereupon entered for plaintiffs and against defendants Woodbury, Martin, Goldberg and Cohn, and dismissing the case as to defendant Oregon Junk and Hardware Company. Defendants Woodbury, Martin, Goldberg and Cohn appeal.

It appears, when the evidence of plaintiff was all submitted, the court suggested certain amendments be made to the complaint. These amendments were objected to by the defendants, as shown by the bill of exceptions:

"For the reason that the cause had been submitted and the plaintiffs had rested their case, and as the amendment changed the cause of action and changed the parties, plaintiffs from individuals to a corpora-

tion, and changed the defendant from individuals who had been brought into court as such by summons, to a corporation which had never been sued and brought into court by summons, which is a separate and distinct entity, such amendment was not allowable.''

The bill of exceptions then proceeds:

''Acting as if the plaintiff had amended the complaint as suggested and allowed by the court, each of the defendants interposed the same demurrer to said amendment as they had previously interposed to the complaint before permission was given to amend.''

### 1.

''That it appears on the face of said amended complaint that there is a non-joinder of necessary parties, plaintiffs and defendants.''

### 2.

''That it appears from the face of said amended complaint that several causes of action had been improperly united.''

### 3.

''That it appears from the face of said complaint that it does not state facts sufficient to constitute a cause of action.''

The bill of exceptions then sets up an analysis and a criticism of the court's findings of fact, as well as the conclusions of law. It then proceeds:

''That there is attached to and made a part of this bill of exceptions, plaintiffs' exhibits 'A', 'B' and 'C', which constitute and are all of the exhibits offered by and received on behalf of the plaintiffs, and all other material matters to this appeal, and contains a complete record of the proceedings had upon said trial, together with the objections made by the defendants to matters material to their cause and the ruling

of the court thereon, and contains all other matters and proceedings, heard on the trial thereof, excepting a transcript of the testimony.''

We find nothing attached to this bill of exceptions except a copy of the judgment order, a notice of appeal, undertaking of appeal, and the three exhibits above referred to. There is, however, filed in this court the complete original pleadings that were filed in the trial court, and we assume that they were intended to be attached, or at least to have been made a part of the bill of exceptions. In this state of the record the only question that we can determine is: Does the complaint state a cause of action, and did the court have jurisdiction of the parties and the subject-matter?

██ It would appear that the pleadings were largely made up after the submission of the testimony in the case, and the transcript of the testimony not being brought up we must assume that any amendments authorized by the court were made to conform to the facts proved: Oregon Code 1930, § 1-906. We must further assume that there were no objections or exceptions taken to any of the rulings of the court in the admission of testimony, as none are presented.

A fair construction of the pleadings shows the following state of facts: The plaintiffs undertook the joint enterprise of hauling certain personal property from one place to another. The defendants undertook the joint enterprise of paying for this service. It is immaterial what business relation existed between the individuals outside of these joint undertakings so far as this case is concerned. That is, so far as the work contracted for and performed, in this litigation the plaintiffs as between themselves occupy the relative position of partnership, or as engaged in a joint ven-

ture on the one hand, and defendants as between themselves occupy a similar position on the other hand. We are not concerned with the business relationship that may have existed among either of the parties in regard to any other transaction. There is nothing in the record to show that the same community of interest existed for any other purpose than the transaction out of which this litigation arose. The plaintiffs allege they performed certain services for certain defendants. The allegation is of a joint performance at a joint request for a consideration. That, in substance, is all that is necessary to state a cause of action, and it nowhere appears on the face of the complaint that there is any defect in the parties, either plaintiff or defendant. The allegations of partnership may be considered as surplusage. The case is not analogous to a case where one partner is suing another or where all the parties engaged in the joint enterprise are not joined.

■ The complaint shows a cause of action "in favor of all the plaintiffs and against all the defendants, and is not subject to demurrer on the ground of a defect of parties plaintiff": *Cohen v. Ottenheimer,* 13 Or. 220 (10 P. 20).

There is but one cause of action stated: The cause of action that grew out of but one transaction, although there are several items involved, and these items are separately stated so the defendants were fully apprised of the claims of plaintiffs for recovery. The court committed no error in permitting amendments or in overruling defendants' demurrer.

■ The court's findings being equivalent to the verdict of a jury, which we are not permitted to disturb.

That is, the testimony not being before us, we must assume that there was some competent testimony covering each item as found by the court.

These are all the errors that are presented by the record.

■ The parties were all in court. They submitted themselves to the jurisdiction of the court by asking for general relief and an adjudication of their controversies.

Finding no error, the judgment is affirmed.

BEAN, C. J., BROWN and BELT, JJ., concur.