Argued May 27; reversed July 15, 1941

# ASHER *v.* PITCHFORD
(115 P. (2d) 337)

Before KELLY, Chief Justice, and BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*Ashby C. Dickson,* of Portland, for appellant.
*W. S. U'Ren,* of Portland, for respondent.

LUSK, J. This is a proceeding by writ of review, under Ch. 2, Title 11, O. C. L. A., to review the decision of the district court for Multnomah county. The defendant in the writ has appealed from the order of the circuit court.

It appears from the return to the writ that the defendant, Clara Pitchford, as plaintiff in the district court, sued the petitioner in the writ, George Asher, to recover the sum of $250, with interest which the complaint alleged "plaintiff loaned to the defendant, for his accommodation and at his request and upon his express promise of repayment." The defendant in that case answered, denying generally the allegations of the complaint and alleging a counter-claim which is not now material. On the trial, after all the evidence had been introduced and at the conclusion of the argument of counsel for defendant, the court instructed plaintiff's counsel to file an amended complaint setting forth a cause of action for money had and received, and thereafter, over the objection of counsel for the

defendant, an amended complaint was filed reading as follows:

"I.

"That during the month of January, 1938, Perry Pitchford was the owner of a pool hall business at 8207 North Denver Avenue in the City of Portland, Oregon, and operated and conducted the same under the assumed name of 'Perry's Pastime,' and the plaintiff was the wife of said Perry Pitchford and derived her livelihood from the income of said business.

"II.

"That on the 3d day of January, 1938, defendant had and received of and from the plaintiff. and for and to plaintiff's use and benefit, Two Hundred and Fifty Dollars, in manner as follows: That on said third day of January, 1938, the said money was delivered to, and received by, defendant for the sole and special purpose of enabling defendant while assisting plaintiff's husband in the operation of his said pool hall business to cash checks for his patrons; which purpose had been fully carried out and completed prior to the commencement of this action, to-wit, on or about March 14, 1938, on which date defendant and his wife acquired the ownership of said pool hall, plaintiff's husband having died in the meantime.

"III.

"That on or about the 4th of June, 1938, through her attorney, plaintiff demanded repayment of said sum of Two Hundred and Fifty Dollars, but defendant has failed, refused and neglected to repay or return said money or any part thereof to plaintiff." (Prayer omitted).

The defendant thereafter moved to strike the amended complaint from the files. This motion was denied in an order which recited that the court had allowed the complaint to be amended "so as to conform the same to the facts proved upon the trial", and

judgment was thereupon entered in favor of the plaintiff as prayed for in the amended complaint. The judgment order contains a similar recital as to the reason for allowance of the amendment.

The defendant then applied to the circuit court for a writ of review upon the claim that the district court exceeded its jurisdiction and erroneously exercised its judicial functions by its order permitting the amendment to be filed. The writ was issued and return made by the district court, and, after argument upon the return to the writ, the circuit court entered the following order:

"First. That the prayer of the petitioner, George Asher, in said Writ of Review for dismissal of plaintiff's action in the District Court be and it hereby is denied.

"Second. That the alternative prayer of the petitioner and plaintiff, George Asher, on the Writ of Review for leave to plead to the amended complaint filed by the plaintiff, Clara Pitchford in said action in the District Court, be, and the same is hereby allowed and that the cause be placed on the trial docket in the Circuit Court for trial in the usual course of procedure when the pleadings are completed and the cause is at issue, the costs and disbursements to follow the final judgment in the Circuit Court."

■■ It will be observed that this order, while a denial of the petitioner's prayer to dismiss the action in the district court, proceeds to treat the case as though it were in the circuit court on appeal by granting the petitioner leave to plead to the amended complaint and ordering the case to be placed on the trial docket of the circuit court. This was clearly error. A writ of review is a special proceeding in which the court exer-

cises only those powers conferred upon it by statute. 2 O. C. L. A. § 11-210 provides:

"Upon the review, the court shall have power to affirm, modify, reverse, or annul the decision or determination reviewed, and if necessary, to award restitution to the plaintiff, or by mandate direct the inferior court, officer, or tribunal, to proceed in the. matter reviewed according to its decision * * * "

■ The circuit court, therefore, was wholly without power or authority to order a trial *de novo*.

■■ The writ of review cannot operate to remove the cause to the circuit court for trial. *Holmes v. Cole*, 51 Or. 483, 487, 94 P. 964. Its object is "to keep inferior courts and tribunals within the bounds of their jurisdiction, and compel them to proceed regularly in the disposition of matters brought before them for determination; but it cannot be used as a substitute for an appeal". *Garnsey v. County Court*, 33 Or. 201, 207, 54 P. 539, 54 P. 1089; *McAnish v. Grant*, 44 Or. 57, 62, 74 P. 396. The petitioner seems to think that the course taken by the circuit court is authorized by 2 O. C. L. A. § 11-204, which provides that "the writ shall be concurrent with the right of appeal."; but this notion is dispelled by the opinion of Mr. Justice ROBERT S. BEAN in *Garnsey v. County Court*, supra. It is there said (33 Or. 208):

"The reason for the amendatory act of 1889 is well known. Prior to that time the course of judicial decisions in this state had not been uniform as to when a writ of review would lie. It was first held to be concurrent with an appeal: Schirott v. Phillippi, 3 Or. 484. This was afterwards denied, and it was held that a writ could not issue so long as the right of appeal existed, but that when the time for an appeal had expired it might be issued: Evans v. Christian, 4 Or. 375. And finally it was held that the writ would not lie in

any case where the right of appeal was given by law: Ramsey v. Pettengill, 14 Or. 207 (12 Pac. 439). It was to settle the contradictions involved in those cases that the act of 1889, making the writ of review concurrent with the right of appeal, was passed. But it was not intended to, nor did it in any way, change the scope or effect of the writ, or authorize the determination of any questions in such a proceeding which could not have been tried therein before its passage."

See, also, *Clubine v. City of Merrill*, 83 Or. 87, 163 P. 85.

■ We observe in passing that in the papers filed in the circuit court and in the abstract and briefs filed in this court, the name of the district judge appears as a party defendant. He is not, however, nor is his court, either a necessary or property party. *Farrow v. Nevin*, 44 Or. 496, 499, 75 P. 711.

We are brought then to the merits of the question presented by the petition and the return to the writ, namely, whether the district court erroneously exercised its judicial functions in allowing the plaintiff in the case before it to file the amended complaint. The scope and effect of the writ of review, the character of decisions of inferior tribunals that may be called in question by that proceeding, are matters not always easy of solution and which have not been clearly defined by the previous decisions of this court. § 11-204 provides that the writ "shall be allowed in all cases where the inferior court, officer, or tribunal in the exercise of judicial functions appears to have exercised such functions erroneously, or to have exceeded its or his jurisdiction, to the injury of some substantial right of the plaintiff, and not otherwise."

■ We think it obvious that the district court did not exceed its jurisdiction in making the ruling complained

of. Whether that ruling is of the kind embraced in the language, "exercise of judicial functions", as used in the statute, we do not determine. In the view that we take of the case we may assume that it is a proper one for the issuance of the writ.

The petitioner contends that the amended complaint states a cause of action substantially different from the original complaint, and that the order allowing it to be filed therefore contravenes the provision of 1 O. C. L. A. § 1-1006, that the court may "at any time before the cause is submitted, allow such pleading * * * to be amended * * * when the amendment does not substantially change the cause of action or defense". Whatever the decision of this question would have been in the earlier judicial history of this state, it is clear that under recent decisions, and especially *East Side Mill & Lumber Co. v. Southwest Portland Lumber Co.*, 155 Or. 367, 64 P. (2d) 625, and *Elliott v. Mosgrove*, 162 Or. 507, 91 P. (2d) 852, 93 P. (2d) 1070, the contention cannot be sustained.

In the former case the original complaint stated a cause of action for services performed for, and goods and money furnished to, the defendant. An amended complaint was filed in which recovery was sought for the same services, goods and money, but upon the theory of mutual, open and current accounts between the parties. In the latter case the complaint alleged that a trustee had collected a promissory note belonging to the trust estate and failed to account for the proceeds; by an amendment made upon the trial the complaint was changed so as to charge that either the collection had been made or could have been accomplished through the exercise of reasonable diligence. In each case it was held that the identity of the cause

of action had not been destroyed by the amendments. The opinions review and discuss the modern authorities at length, and nothing is to be gained by going over that ground again.

■■ Under these decisions and the conception of "cause of action" which they announce, the cause of action here consisted of the right of the plaintiff to receive from the defendant the sum of $250 which the former had delivered to the latter under an express or implied agreement for its repayment, and the invasion of that right by the defendant's refusal to pay the money on demand. See, Phillip's Code Pleading, § 30. In the original complaint it was alleged that the defendant loaned the money to the plaintiff. The proof, as we must assume from the district court's order so reciting (1 O. C. L. A. § 1-1006; *Barr v. Woodbury*, 136 Or. 647, 651, 300 P. 497), showed that the money, instead of being a loan in the strict sense of that word, was delivered to the defendant to be used for a certain purpose, and that the purpose had been fulfilled, thereby creating an implied obligation for the return of the money to the plaintiff. It must also be assumed, because the record contains nothing to the contrary, that the evidence of these facts was introduced on the trial without objection by the defendant, and that the defendant was not taken unawares by the nature of the testimony. In these circumstances the court ordered the amendment to be made so as to conform the pleading to the proven facts, instead of giving judgment against the plaintiff because the proof did not precisely support the allegations of the complaint. Under the amendment, as under the original complaint, the question still related to the same sum of $250 delivered by the plaintiff to the defendant; and the

court was right in not turning the plaintiff out of court because of his failure to use the most appropriate language in pleading his case or to observe the niceties of distinction between the common counts for money lent and money had and received. See, 41 C. J., Money Lent, 2, § 1; *Murphy v. Dalton*, 139 Mich. 79, 102 N. W. 277.

 In our opinion the amendment did not destroy the identity of the cause of action or substantially change it, and the district court did not erroneously exercise its judicial functions by its allowance.

That portion of the circuit court's order appealed from which denied the prayer of the petitioner for dismissal of the action in the district court is in harmony with these views, but is, to all intents and purposes, nullified by the subsequent portion allowing the petitioner to file an answer to the amended complaint and directing the trial of the case in the circuit court. Viewed in its entirety the order, in substance and effect, denied to the defendant in the writ a right to which, under the record and the statute, she was entitled, namely, a judgment affirming the decision of the district court.

The judgment of the circuit court is therefore reversed and the cause remanded, with directions to enter such a judgment.