Argued December 19, 1977, affirmed February 21, 1978

ROBERT RANDALL COMPANY, *Appellant,*

*v.*

CITY OF MILWAUKIE, *Respondent.*

(No. 7611102, CA 8825)

575 P2d 170

James L. Carney, Portland, argued the cause for appellant. With him on the brief was Benson, Arenz, Lucas & Davis, Portland.

Myer Avedovech, Milwaukie, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Plaintiff brought this action under the Oregon Tort Claims Act, ORS 30.265 et seq., alleging that defendant tortiously delayed the processing of plaintiff's building permit application until defendant established a Design Review Committee, which delay resulted in pecuniary damage to plaintiff. Defendant demurred on the ground that the action was "discretionary" within the meaning of ORS 30.265(3)(c),[1] for which the city is immune from tort liability. The demurrer was sustained, plaintiff failed to plead over, and the complaint was dismissed.[2] Plaintiff appeals, assigning as error the trial court's sustaining of the demurrer.

Plaintiff's amended complaint does not allege that notice was given within 180 days after the alleged tort. ORS 30.275(1). We have held previously that such an allegation is a jurisdictional prerequisite to maintaining an action under the Tort Claims Act. *Fry v. Willamalane Park and Rec. Dist.,* 4 Or App 575, 481 P2d 648 (1971); *but see Urban Renewal Agency v. Lackey,* 275 Or 35, 549 P2d 657 (1976). It is arguable that this holding is subject to question, but we do not reexamine it in this case because the question was not raised or briefed below or on appeal, and its resolution would not change the result here.

---

[1] ORS 30.265(3)(c) provides:

"(3) Every public body and its officers, employes and agents acting within the scope of their employment or duties are immune from liability for:

"* * * * *

"(c) Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

At the time this action was brought, the "discretionary" exception to the Torts Claims Act was codified at ORS 30.265(2)(d), *amended* Oregon Laws 1977, ch 823, § 2.

[2] The "Order of Dismissal" was entered subsequent to the order sustaining the demurrer, and recites that "plaintiff refuses to plead further"; accordingly, we treat the "Order of Dismissal" as a judgment for defendant pursuant to ORS 18.090, from which an appeal may be taken. ORS 19.010.

The material contentions of plaintiff are summarized in the following passage from its brief:

"On or about September 17, 1975, final building plans were submitted by plaintiff to the Building Department of defendant, which informed plaintiff that the plans would be processed, with final approval expected within three or four weeks.

"On or about October 2, 1975, defendant, through its employes, informed plaintiff that its building permit application would not be further processed until such time as defendant enacted an ordinance establishing a Design Review Committee, which, thereafter, would be required to review plaintiff's building plans. Plaintiff's building permit application was not further processed until November, 1975, when defendant enacted an ordinance establishing a Design Review Committee. Prior to that time, there had been no ordinance authorizing or establishing such a committee."

■ Plaintiff contends that the processing of a building permit is a ministerial act for which the city may be held liable if it arbitrarily delays in processing it until a new ordinance is adopted changing the requirements. This contention assumes that plaintiff, by filing its application, became entitled to have it processed under all of the zoning, building and other requirements in existence at that time. However, plaintiff had no vested right to build under existing zoning and building codes, and would not acquire such rights until it had acquired a building permit and had actually commenced some substantial construction of the project, *Twin Rocks Watseco v. Sheets,* 15 Or App 445, 516 P2d 472 (1973), *rev den* (1974).

■ Further, the defendant's decision to establish a Design Review Committee was discretionary, as was its decision to hold up the processing of pending applications for a reasonable time until the Design Review Committee could be established. *Smith v. Cooper,* 256 Or 485, 475 P2d 78 (1970).

The trial court properly sustained the demurrer to plaintiff's amended complaint.

Affirmed.