Submitted on record and appellant's brief January 31, reversed and remanded April 3, 1978

BOTTERON, *Respondent,*

*v.*

CARTER et al, *Appellants.*

(No. A 7604 05723, CA 8247)

576 P2d 828

H. Philip Eder, Portland, filed the brief for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Defendants in this writ of review proceeding appeal from an adverse judgment entered in the circuit court. We reverse.

Plaintiff brought an action against defendants in the district court claiming damages under ORS 91.815[1] based upon defendants' failure to deliver possession of premises plaintiff claims to have rented from defendants. Plaintiff moved for summary judgment; defendants demurred for failure to state a cause of action. The district court entered an order denying plaintiff's motion and sustaining defendants' demurrer to the complaint, allowing plaintiff ten days within which to plead over. The order was dated April 13, 1976, "NUNC PRO TUNC April 2, 1976."

On April 20, 1976, defendants moved for a default order and judgment which the court set for hearing on May 4, 1976.

On April 23, 1976,[2] plaintiff petitioned for a writ of review, basing his petition upon the above described order. The circuit court issued the writ, and upon hearing on the merits, determined that plaintiff was entitled to damages as prayed for. Judgment was entered for plaintiff.

Defendants appeal, contending that the circuit court did not have jurisdiction because no final judg-

---

[1]ORS 91.815 provides:

"If a landlord unlawfully removes or excludes the tenant from the premises or wilfully diminishes services to the tenant by interrupting or causing the interruption of heat, running water, hot water, electric or other essential service, the tenant may recover possession or terminate the rental agreement and, in either case, recover an amount not more than two months' periodic rent or twice the actual damages sustained by him, whichever is greater. If the rental agreement is terminated the landlord shall return all security recoverable under ORS 91.760 and all prepaid rent."

[2]Some confusion exists in the record as to the exact date of the petition and the issuance of the writ. Although file stamped April 23, 1976, the judge's signature reflects an April 22, 1976, order. In either case, however, the order was issued prior to a final decision or determination had been had in the district court.

ment had been entered in the district court, and also claiming errors in the decision on the merits. We reach only the first assignment of error.

ORS 34.020[3] provides for the review of the "decision or determination" of an inferior court. As long ago as 1908, the Supreme Court observed:

"* * * Review lies only from the decision or determination of the proceeding [citation omitted] and not from an interlocutory order * * *." *Holmes v. Cole,* 51 Or 483, 486, 94 P 964 (1908).

The court further noted that the writ derives from the common law writ of certiorari, and

" '* * * it has now become the general and settled, if not the universal practice, to refuse the writ of *certiorari* where sought while the proceedings below are still pending and undetermined, and it does not go to inferior courts, tribunals, or officers exercising judicial functions until the proceedings before them are completed, and a final determination or adjudication had. * * *' " *Holmes v. Cole, supra* at 487, citing 2 Spell. Extr. Rel. § 1894.

It is settled that an order overruling or sustaining a demurrer is not appealable, *Ter Har v. Backus,* 256 Or 288, 291, 473 P2d 143 (1970), nor is an order denying a motion for summary judgment. *Hoy v. Jackson,* 26 Or App 895, 898, 554 P2d 561 (1976). Plaintiff commenced the review proceedings before a judgment was entered. We conclude that an order which is not appealable is not subject to review by way of the writ of review.[4] The erroneous issuance of the writ of review by the circuit court did not operate to remove

---

[3] ORS 34.020 provides:

"Any party to any process or proceeding before or by any inferior court, officer, or tribunal may have the decision or determination thereof reviewed for errors, as provided in ORS 34.010 to 34.100, and not otherwise. Upon a review, the court may review any intermediate order involving the merits and necessarily affecting the decision or determination sought to be reviewed."

[4] *See also* Johnston, *The Writ of Review in Oregon: A Legal Analysis for the Practicing Attorney,* 13 Will L J 417, 420 (1977) ("Both remedies

the cause to the circuit court for trial de novo. *Asher v. Pitchford,* 167 Or 70, 75, 115 P2d 337 (1941).

Reversed and remanded with instructions to vacate the judgment and to remand the cause to the district court.

[appeal and writ of review] become available upon final judgment by the inferior tribunal.") *Cf. Bienz v. City of Dayton,* 29 Or App 761, 768, 566 P2d 904 (1977); *Robert Randall Co. v. City of Milwaukie,* 32 Or App 631, 633, n 2 and accompanying text, 575 P2d 170 (1978).